CARR, d.b.a. All American House Movers, Appellant,

v.

GREEN, Appellee.

[Cite as *Carr v. Green* (1992), 78 Ohio App.3d 487.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–646.

Decided March 3, 1992.

*Gottfried & Palmer Co., L.P.A.,* and *Gary J. Gottfried,* for appellant.
*Philip M. Manogg,* for appellee.

McCormac, Judge.

Plaintiff-appellant, Thomas Carr, d.b.a. All American House Movers, appeals the judgment of the Franklin County Court of Common Pleas which dismissed his claims against defendant-appellee, Ronald D. Green, and granted judgment for appellee on his counterclaim. Appellant's two assignments of error state:

"1. The trial court committed reversible error when it dismissed the complaint of the plaintiff-appellant without providing to plaintiff-appellant notice of the dismissal.

"2. The trial court committed reversible error when it granted judgment against the plaintiff-appellant."

On March 21, 1990, appellant filed a replevin action against appellee. Appellee counterclaimed, alleging breach of contract. Appellant's counsel was Gary J. Gottfried of the law firm Gottfried & Palmer Co., L.P.A., until June 1, 1990, whereon Gottfried's associate, Kurt Schmaltz, filed a notice of

appearance which indicated that he joined Gottfried's representation of appellant. Notice that a trial was scheduled for March 14, 1991 was sent to both of appellant's counsel on August 27, 1990.

Gottfried was granted leave to withdraw from the case on September 12, 1990 due to his irreconcilable differences with appellant. Schmaltz did not request, nor was he granted, permission to withdraw from employment. Thus, Schmaltz should have appeared for trial. The record shows, however, that neither Schmaltz, nor any other employee of Gottfried & Palmer, pursued representation of appellant in this case from June 1, 1990 until Gottfried's reinstatement of representation on April 23, 1991. Moreover, the trial court sent notice of the trial date directly to Carr on September 12, 1990, which indicates that the court thought appellant would proceed *pro se* at trial.

On March 13, 1991, appellee filed a request for continuance of the trial due to the unavailability of appellee's witnesses, as well as appellee's lack of discovery to date. Appellee's motion was not formally ruled upon. Rather, appellee appeared at trial the next day and, ultimately, obtained a dismissal of appellant's claims with prejudice due to appellant's failure to appear at trial. The court's judgment, which dismissed appellant's claims with prejudice and entered a judgment, plus damages, for appellee on his counterclaim, was not journalized until May 10, 1991 at 11:05 a.m. In the meantime, Gottfried filed a notice of appearance on appellant's behalf on April 23, 1991.

On May 10, 1991, at 11:15 a.m., appellant's counsel filed a motion for leave to amend the complaint together with an attached second amended complaint, which stated an alternative damages claim. Appellant was granted leave to amend on May 13, 1991, despite the earlier entry of dismissal of the case. On May 22, 1991, an entry identical to the entry of May 10, 1991 was journalized. Appellant pursued a direct appeal to this court, rather than initially challenge the trial court's dismissal of his claims through a motion for relief from judgment. (A later motion was filed and sustained, according to counsel.)

In his first assignment of error, appellant argues that the trial court's dismissal of his case with prejudice on May 10, 1991 violated the notice requirement of Civ.R. 41(B)(1). Based on language in the court's decision, which recites that the case "proceeded as scheduled," as well as appellant's failure to include a transcript in the record on appeal, appellee responds that the entry should be reviewed as a directed verdict rather than an involuntary dismissal.

Technically, a directed verdict is inappropriate in a non-jury case. Thus, appellee's reliance on Civ.R. 50 is misplaced. In any case, appellee did not comply with the requirements of Civ.R. 50 because the earliest a motion for directed verdict could have been granted was at the close of appellant's

opening statement. In this case, appellant did not make an opening statement because he was absent from the trial. More importantly, the entry proves that appellee did not formally move for a dismissal in compliance with Civ.R. 41(B)(2), which applies only after the presentation of plaintiff's evidence. The court's entry states that, "[u]pon motion of Defendant, Plaintiff's complaint is dismissed with prejudice for failure to prosecute and appear * * *." Clearly, appellee requested and received a dismissal under Civ.R. 41(B)(1), rather than a directed verdict or a dismissal under Civ.R. 41(B)(2).

Civ.R. 41(B)(1) provides:

"Failure to prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."

The notice contemplated by Civ.R. 41(B)(1) is notice of the court's intention to dismiss the case with prejudice, whether on its own motion or in response to a motion to dismiss by defendant. *Ohio Furniture Co. v. Mindala* (1986), 22 Ohio St.3d 99, 101, 22 OBR 133, 134, 488 N.E.2d 881, 882. The purpose of the notice requirement is to afford plaintiff's counsel an opportunity to either comply with the court order, which is the basis of the impending dismissal, or to respond to the motion to dismiss.

In *Metcalf v. Ohio State Univ. Hosp.* (1981), 2 Ohio App.3d 166, 167, 2 OBR 182, 183, 441 N.E.2d 299, 301, we held that the prior notice requirement of Civ.R. 41(B)(1) is a mandatory condition precedent to dismissal of an action on the merits. We furthermore recognized that, if a plaintiff or his counsel actually appears at trial, it is sufficient that the motion to dismiss be made in their presence for plaintiff to receive the required notice. Thus, formal written notice is not mandated by Civ.R. 41(B)(1).

Appellee urges us, on the authority of *Schreiner v. Karson* (1977), 52 Ohio App.2d 219, 6 O.O.3d 237, 369 N.E.2d 800, to deem Carr's notice of the trial date as implied notice that appellant's claims may be dismissed for the failure of either appellant or his counsel to appear and prosecute. In *Schreiner,* the Court of Appeals for Medina County commented that both plaintiffs in the case had implied notice that their claims may be dismissed for failure to either prosecute or obey a court order when their failure was nonappearance for a scheduled trial. In other words, the court deemed notice of the time of trial adequate notice of dismissal under Civ.R. 41(B)(1) for a plaintiff's failure to appear at the trial. The court said that actual notice of a possible dismissal is required only when such notice cannot reasonably be implied harmless error because a plaintiff could challenge the dismissal through a motion for new trial.

In *Wayne Riggs Constr., Inc. v. Botnick Bldg. Co.* (Apr. 20, 1988), Summit App. No. 13277, unreported, 1988 WL 38897, the court extended *Schreiner* to a factual scenario similar to this and ruled that, even if counsel had properly withdrawn from employment, the client himself has impliedly received notice that his cases may be dismissed for his failure to appear if the client received adequate notice that his case is set for trial. See, also, *Wolfe v. Avon* (Nov. 12, 1987), Lorain App. No. 4327, unreported, 1987 WL 14800.

Nevertheless, in *Ford Motor Credit Co. v. Potts* (1986), 28 Ohio App.3d 93, 95, 28 OBR 136, 138, 502 N.E.2d 255, 257, this court unequivocally stated its view that notice of trial does not incorporate or imply the notice required by Civ.R. 41 as a condition precedent to dismissal of a party's claim for affirmative relief due to plaintiff's failure to appear or prosecute. The flaw in the court's reasoning in *Schreiner, supra,* was its failure to account for the possibility that nonappearance was caused by events beyond plaintiff's control. *Id.*

■ In accordance with *Metcalf* and *Ford Motor Credit Co.,* this court reaffirms its position that Civ.R. 41(B) requires the prior issuance by the trial court of a separate and additional notice to the plaintiff or his counsel of the pendency of a motion to dismiss for failure to prosecute, whether the dismissal is with or without prejudice, so that the plaintiff has an opportunity to either comply with the court order or explain the circumstances of his nonappearance. We do not consider the failure of actual notice to be harmless error. Appellant's first assignment of error is sustained due to the trial court's failure to issue proper notice to appellant of its intention to dismiss his claims against appellee.

■ Appellant's second assignment of error challenges the trial court's award of damages to appellee on his counterclaim as against the weight of the evidence introduced at the hearing on March 14, 1991. Specifically, appellant contends that the only evidence which proved the amount of damages was an affidavit which conformed with the court's judgment, but which was not presented to the court until April 25, 1991. Appellant's complaint is that appellee was afforded an opportunity, subsequent to the hearing, to present additional evidence of the amount of damages, but that appellant was not allowed a similar opportunity to rebut appellant's evidence.

The basic question is whether judgment against him on the counterclaim was proper in light of the fact that the dismissal of his claims at the same hearing was without notice. Although the Supreme Court has consistently held, since *Ohio Furniture, supra,* that the notice requirement of Civ.R. 41(B) applies to all dismissals with prejudice, it ruled in *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.* (1986), 28 Ohio St.3d 118, 28 OBR 216,

502 N.E.2d 599, that a judgment against a defendant who failed to appear at trial after having answered the complaint is not a default judgment subject to the notice and hearing requirements of Civ.R. 55(A). Instead, the court held that a party whose nondefaulting opponent fails to appear for trial may proceed *ex parte* to prove his prima facie case by proper evidence in order to receive a judgment. *Id.* at 123, 28 OBR at 220, 502 N.E.2d at 603. However, there was no trial in this case with the utilization of proper evidence to prove the counterclaim. While the entry does not specify that the judgment for appellee was a default judgment, the entry does indicate that evidence of appellant's breach of contract and damages caused thereby was not introduced at the "trial" on March 14, 1991. The entry does not refer to the court's consideration of any evidence submitted on the issue of breach of contract. The entry instructs appellee to submit an affidavit to support his verbal representation to the court that his damages totalled $81,018.53. The only proof of damages to date is appellee's affidavit, which was submitted a month after the hearing. The apparent lack of proof of damages at the hearing on March 14, 1991, as well as appellee's admission in his motion for continuance the day before that his witnesses were unavailable, indicates to us that the judgment in favor of appellee on the counterclaim was actually a default judgment, not a judgment which resulted from appellee's submission of proper proof of every element of his prima facie case.

In short, the trial court granted a default judgment to appellee due to appellant's failure to appear at trial to defend. Under *Ohio Valley Radiology, supra,* a default judgment is improper because appellant's failure to appear at trial, after having answered the counterclaim, was not a default. Thus, the judgment on the counterclaim must be vacated.

Appellant's second assignment of error is sustained.

Appellant's assignments of error are sustained. The judgment of the trial court is reversed and the cause is remanded to the trial court for further procedure consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

WHITESIDE and PETREE, JJ., concur.