This appeal arises out of a trial court judgment involuntarily dismissing Appellant's claim with prejudice for failure to prosecute. Based upon the record presented, this Court affirms the trial court judgment.
On May 9, 1994, Appellant, through his attorney Gary Brott, filed a complaint in the Mahoning County Probate Court contesting his deceased mother's execution of her will. The defendants named in the complaint included Appellee Mahoning National Bank as executor of the will and Appellee Richard Steiskal as a beneficiary to the will. Appellant alleged that his mother was unduly influenced and under duress when she executed the will on June 3, 1993. On June 23, 1994, Appellee Richard Steiskal filed an answer to the complaint.
On October 28, 1994, Appellant's attorney filed a motion for leave to withdraw from the case which the probate court granted on the same day without hearing. Also on October 28, 1994, Appellant, a licensed attorney, filed a notice of appearance that he would be representing himself in this matter.
Approximately one year later, on October 30, 1995, the court held a status conference and Appellant informed the court that Attorney Avetis Darvanan would now be representing him in this matter. The case was reset for status conference on December 15, 1995. On December 15, 1995, all parties agreed to reset the status conference for January 3, 1996. On January 3, 1996, the matter was again reset to January 12, 1996.
On January 12, 1996, the status conference was finally held. The court ordered the parties to submit tentative witness lists by February 12, 1996 and to complete discovery by May 1, 1996. A final pretrial was set for May 15, 1996. On February 12, 1996, Attorney Darvanan filed a witness list on behalf of Appellant. The list contained seven names of individuals and no further information. On May 15, 1996, the final pretrial was had and the court set a trial date of July 15, 1996.
On June 24, 1996, Attorney Darvanan filed a motion to withdraw as counsel for Appellant. Attached to the motion was a certification page attesting that Attorney Darvanan mailed a copy of the motion to withdraw to Appellant on that same date. The probate court granted the motion without hearing on June 24, 1996. On June 28, 1996, the trial court sent hearing notices to all of the parties rescheduling the trial for August 5, 1996. The notice stated in bold capital print that no further continuances would be granted.
On July 10, 1996, Appellant filed a motion for a protective order requesting that the trial court vacate the July 10, 1996 date set by Appellee for the taking of his deposition. Appellant alleged that he did not finally discover that Attorney Darvanan would not represent him until July 8, 1996 as he had asked Darvanan to reconsider. Appellant also alleged that he did not receive his file back from Attorney Darvanan until July 9, 1996 and that he did not receive notice of the taking of his deposition until July 8, 1996. Appellant requested that the court issue an order prohibiting the taking of his deposition by Appellees and protecting him from deposition until he could obtain counsel. Appellant asserted that while he had yet to retain counsel, he had contacted two attorneys who both requested time to review the file.
On July 10, 1996, a visiting judge sitting in for the probate judge granted Appellant's protective order. The order stated:
 "The Plaintiff's protective order is granted until replacement counsel can be obtained; and within two weeks of replacement counsel for Plaintiff having been obtained, depositions will be had."
On July 15, 1996, the probate court issued another judgment entry stating that the trial was continued until August 5, 1996, and that no further continuances would be permitted.
On July 29, 1996, Appellees filed a motion for default judgment against Appellant for failure to provide addresses and phone numbers on his tentative witness list and for failure to prosecute his claim. On July 29, 1996, the trial court sent notices to the parties that the motion for default judgment would be heard before trial on August 5, 1996.
On July 31, 1996, the trial court issued an order dissolving Appellant's protective order and informing the parties that the trial would proceed on August 5, 1996 with no further continuances granted. The court reviewed the history of the case and found that Appellant had more than reasonable time to retain substitute counsel since June 28, 1996 when Attorney Darvanan withdrew and when the court reset the trial date to August 5, 1996. The court also noted that Appellant was a licensed attorney who entered a written notice of appearance on his case and who was capable of representing himself because he had previously appeared in probate court with clients. The court further found that Appellant had not shown to the court that he was unable to obtain replacement counsel.
Also on July 31, 1996, Appellant filed a motion opposing Appellees' motion for default judgment. Appellant alleged that Appellees' motion did not comport with Civ.R. 37 and a protective order was in place protecting him "from discovery." Appellant also alleged that he complied with discovery requests by giving the materials that he had to Attorney Darvanan and could not explain why the materials were never furnished to opposing counsel.
Appellant also filed a motion for continuance of the August 5, 1996 trial date and contended that the court prejudiced him in allowing his counsel to withdraw without a hearing on the matter. Appellant again referenced his attempts to contact two attorneys but explained that one of the attorneys had been and was still out of town.
Appellant also noted in his motion that he knew that the probate judge had been on vacation from June 28, 1996 to July 15, 1996 and that he had requested the protective order and continuance of the trial date during that time which was granted. Appellant also related that the court suggested that he could try his own case and that when Appellant suggested a Civ.R. 41 dismissal with leave to refile within one year, the court demanded a dismissal with prejudice. Appellant also added that he telephoned the judge to request continuances on July 19, 1996 and July 22, 1996 and the court never responded.
On August 2, 1996, the court set Appellant's motion in opposition for hearing on August 5, 1996 with the motion for default judgment and the trial. The trial court also overruled Appellant's request for a continuance. On August 5, 1996, Appellees filed a motion in limine requesting that the trial court refuse to allow Appellant to present testimony and call witnesses due to Appellant's purposeful unavailability for deposition and refusal to identify the addresses and phone numbers of his witnesses.
Additionally on August 5, 1996, the court heard testimony on the motion for default judgment and Appellant's motion in opposition. The court granted Appellees' motion for default judgment. In the order granting the default judgment, the court found that Appellant had failed to prosecute the action with due diligence. The court also found that Appellant used dilatory tactics to stall prosecution of the claim, including not cooperating with retained counsel and filing for a protective order that he knew would extend beyond the final trial date set by the court. The court dismissed Appellant's action with prejudice. On September 6, 1996, Appellant filed a notice of appeal.
On appeal, Appellant raises two assignments of error. Before addressing the assignments in full, we must confront Appellant's contention in both assignments that the fact that he is a licensed attorney should have no bearing on this Court's decision in the case. Appellant is incorrect.
Appellant argues that the fact that he is a licensed attorney should have no effect on this Court's decision. He states that even though he possessed some experience in the area of probate law, this was not indicative of his competence to represent himself in his will contest action. Appellant does correctly acknowledge that in Ohio a licensed attorney is presumed competent. State v. Smith (1985), 17 Ohio St.3d 98, 100, citingVaughn v. Maxwell (1965), 2 Ohio St.2d 299, 301.
This Court does find the fact that Appellant was a licensed attorney is relevant in regards to this case. We do so because Appellant entered a notice of appearance as attorney of record in this matter on October 28, 1994 when his first attorney withdrew. Appellant never filed a motion to withdraw as counsel or to substitute counsel when Attorney Darvanan began representing him. Thus, Appellant and Attorney Darvanan were, in essence, acting as co-counsel. Thus, despite Appellant's contentions that he felt unable to handle the instant action on his own behalf, the record indicates to the contrary as Appellant voluntarily filed the notice of appearance and participated as an attorney on the case. Appellant cannot use his status as an attorney only to his advantage and then claim incompetence when it is convenient for him. Appellant obviously felt confident enough to represent himself in this probate matter: he himself filed the notice of appearance and he drafted and filed his own motion for a protective order with the visiting judge on July 10, 1996. Appellant also participated in his case with Attorney Darvanan by scheduling deposition dates and sending letters to prospective witnesses on his professional letterhead. Even assuming arguendo that Appellant possessed limited ability in probate law, surely he would not have filed a notice of appearance in his own case if he felt inadequate in representing his claim. Further, even if he did possess limited ability in probate law, Appellant as a licensed attorney was certainly of sufficient competence to respond to discovery requests, to prepare himself as a deponent, to prosecute his claim and, most importantly, to be charged with knowledge of court rules and procedures. Based upon this record, we address Appellant's assignments of error.
In his first assignment of error, Appellant asserts that:
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO EVALUATE THE PREJUDICE TO APPELLANT WHEN APPELLANT'S COUNSEL WAS PERMITTED TO WITHDRAW THREE WEEKS BEFORE THE SCHEDULED TRIAL DATE."
Appellant contends that the trial court had an affirmative duty to give him an opportunity to be heard on Attorney Darvanan's motion to withdraw. Appellant also contends that the court had a duty to give him sufficient time to secure new counsel and that resetting the trial date from July 15, 1996 to August 5, 1996 created merely an illusion of giving him additional time because the order setting the new date stated that no continuances would be granted. Appellant cites Bennett v.Bennett (1993), 86 Ohio App.3d 343 and Cotton v. Cotton (May 9, 1989), Franklin App. No. 88 AP-1041, unreported for support that he was prejudiced by the court's order allowing Attorney Darvanan to withdraw without giving Appellant notice and additional time within which to obtain counsel.
The general rule is that a trial court possesses discretion on whether to hold a hearing on counsel's motion to withdraw representation. Garfield Hts. v. Wolpert (1997), 122 Ohio App.3d 287,291, citing State v. Marinchek (1983), 9 Ohio App.3d 22,24. Appellant is correct that when an attorney is permitted to withdraw, the client should receive prompt notice and an opportunity to secure new counsel. We find that Appellant received such prompt notice and a reasonable opportunity to secure new counsel. Attorney Darvanan filed his motion to withdraw on June 24, 1996 and attached a certification page showing that Appellant was sent a copy of the motion. In his motion for a protective order, Appellant admitted receiving notice of Attorney Darvanan's motion to withdraw and had even asked him to reconsider. Appellant stated that he did not finally know Attorney Darvanan would withdraw until July 9, 1996. Trial at that time was set to begin on July 15, 1996. The trial court granted the motion to withdraw and subsequently reset the trial for August 5, 1996, presumably based upon the representations of Appellant that he needed time to secure new counsel. As we have already noted, the record reveals that Attorney Darvanan was mere co-counsel with Appellant. Despite Appellant's contention that the August 5, 1996 trial date created only an illusion that he was given an extension because it specified that no further continuances would be granted, this "illusion" did give Appellant almost one full month to secure the assistance of new counsel, if desired. Consequently, we find that the trial court did not abuse its discretion in granting the motion to withdraw without hearing and we find that he suffered no prejudice from the court's decision to not grant a hearing.
Further, the Bennett and Cotton cases cited by Appellant are entirely distinguishable from the instant case in that Appellant has not suffered the prejudice suffered by the appellants in those cases. In Bennett, 86 Ohio App.3d at 345, the court allowed appellant's counsel to withdraw moments before a motion to show cause hearing. The court ordered the appellant to proceed with the hearing without counsel despite the appellant's statements to the court that he was not a lawyer and did not understand the legal procedures involved. InCotton, supra, neither the appellant's attorney nor the court notified the appellant that his attorney filed to withdraw and the court granted the motion.
Appellant in the instant case received proper notice of the motion to withdraw almost one month before trial was set to begin. The trial court had extended the date of trial from July 15, 1996 until August 5, 1996 giving Appellant additional time to secure new counsel. Further, Appellant himself filed a notice of appearance on the case as an attorney which he never withdrew.
Additionally, we find no error in the trial court's denial of Appellant's requests for a continuance of the August 5, 1996 trial date. The trial court is entrusted with broad discretion in determining whether to grant or deny a continuance.State v. Mason (1998), 82 Ohio St.3d 144, 155 citing State v.Unger (1981), 67 Ohio St.2d 65, syllabus. Therefore, this Court must review the denial under an abuse of discretion standard. As we held in Watson v. Wolsonovich, "[a]n abuse of discretion connotes more than an error of law or judgment; it implies an attitude that is " 'unreasonable, arbitrary or unconscionable.' " (1996), 112 Ohio App.3d 565, 569, quoting Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Under an abuse of discretion standard, a reviewing court should not substitute its judgment for that of the trial court. Wolsonovich,112 Ohio App.3d at 569. In considering a party's motion for continuance, a trial court should look at factors including but not limited to: the length of the delay requested; if any prior continuances were requested and received; the inconvenience to all parties involved, including the court; if the continuance is for legitimate reasons and if the party requesting the continuance contributed to the circumstances giving rise to the request for continuance. Youngstown Metropolitan HousingAuthority v. Barry (Dec. 16, 1996), Mahoning App. No. 94-CA-147 *1, citing State v. Unger (1981), 67 Ohio St.2d 65 and Bland v.Graves (1994), 99 Ohio App.3d 123.
Applying this abuse of discretion standard, we cannot find that the trial court abused its discretion in denying Appellant's motion for a continuance of the August 5, 1996 trial date. The mere fact that Appellant knew on or about June 28, 1996 that his counsel was withdrawing from the case and that he waited until July 31, 1996 to file a motion for continuance represents almost a one month delay caused solely by Appellant. Even accepting Appellant's argument that he asked Attorney Darvanan to reconsider his withdrawal and thus did not ultimately know that he would not continue as co-counsel until July 8, 1996, this still leaves twenty three days in which Appellant could have but did not request a further continuance. Appellant contends that he orally requested continuances by telephone but the court did not respond. As an attorney, Appellant is aware that the best form of request is in the form of a written motion and that in most circumstances oral requests are considered insufficient and improper communications with the court. Further, Appellant had already received one continuance upon Attorney Darvanan's withdrawal when the trial court reset the matter from July 15, 1996 to August 5, 1996.
Most importantly, Appellant was represented by counsel when he requested the continuance as he was an attorney of record in the case. Further, Appellant was aware that the trial court specifically provided that no further continuances would be granted.
Appellant also contends that because the court granted him a protective order until he could obtain counsel, trial could not proceed on August 5, 1996 as ordered by the court. However, the protective order filed during the probate judge's vacation and granted by the visiting judge did not modify or terminate the court's previous order that trial would proceed on August 5, 1996 and that no further continuances would be granted. The protective order merely granted Appellant protection from the taking of his deposition and allowed this protection to extend until two weeks after replacement counsel could be obtained. Although Appellant testifies to the contrary (Tr. p. 13), Appellant was aware that the probate judge set trial for August 5, 1996 and specified that no further continuances would be granted as he was sent a notice of hearing by certified mail on June 28, 1996 that was signed as received on July 1, 1996. Since the protective order did not suspend or reschedule the trial date, Appellant should have known that the trial would still proceed on August 5, 1996 and that the protective order should be viewed as limited to within this time frame. Appellant's first assignment of error is without merit.
In his second assignment of error, Appellant states:
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT GRANTED DEFENDANTS-APPELLEES' "MOTION FOR DEFAULT JUDGMENT" AGAINST PLAINTIFF-APPELLANT FOR FAILING TO PROVIDE DISCOVERY."
While Appellant raises several claims to try to show that his noncompliance with discovery led the court to ultimately dismiss his case with prejudice, the trial court made it clear in its final order that the claim was dismissed for failure to prosecute and the use of dilatory tactics to delay prosecution. The trial court's order of August 7, 1996 is specifically captioned "Order Granting Defendant's Motion to Dismiss for Failure to Prosecute." Further, the body of the order indicates that the court found that Appellant failed to prosecute his action with due diligence. While the court also found that Appellant used dilatory tactics to hinder the discovery process, this finding was made in reference to Appellant's failure to prosecute. The final sentence of the order further specifies that the action was dismissed with prejudice for "want of prosecution." (J.E. 8/7/96).
While we are aware that Appellees filed a motion for default judgment against Appellant and the trial court granted a motion for default judgment, the default judgment was mischaracterized and all parties were proceeding under what was essentially a motion for a Civ.R. 41(B)(1) dismissal with prejudice. It has been held that a motion for default judgment is effectively the same as a motion for involuntary dismissal. Callier v. Gray,
(C.A.6. Feb. 10, 1999), No. 97-5741. Since Appellant does not otherwise challenge the default judgment but challenges the involuntary dismissal under Civ.R. 41(B)(1), we will review the assignment of error under the same standards as an involuntary dismissal under Civ.R. 41(B)(1).
Abuse of discretion is the standard of appellate review for a lower court's decision to grant an involuntary dismissal for failure to prosecute or for failure to comply with discovery.Quonset Hut, Inc. v. Ford Motor Co. (1997), 80 Ohio St.3d 46,52, fn.1. Thus this court must consider whether the trial court abused its discretion in granting a dismissal of Appellant's claim with prejudice. Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, quoting State v. Adams
(1980), 62 Ohio St.2d 151, 157. This Court is aware that the law favors the disposition of cases on the merits and that discretion must be exercised carefully and cautiously by a trial court in granting such an order before the dismissal will be upheld. Quonset Hut, 80 Ohio St.3d at 48. A court should consider factors such as "* * * the drawn-out history of the litigation * * * and other evidence that a plaintiff is deliberately proceeding in dilatory fashion or has done so in a previously filed, and voluntarily dismissed, action" when evaluating a Civ.R. 41(B)(1) dismissal with prejudice for failure to prosecute. Jones v. Hanrtraft (1997), 78 Ohio St.3d 368,372. The Ohio Supreme Court has held that "[a] trial court is in the best position to determine whether delays in the prosecution of a case are due to legitimate reasons." Indus.Risk Insurers v. Lorenz Equip. Co. (1994), 69 Ohio St.3d 576,581 citing Fletcher v. S. Farm Bur. Life Ins. Co. (C.A.8, 1985), 757 F.2d 953, 957.
Applying these factors, we find that the trial court did not abuse its discretion in granting the dismissal. Appellant initiated this action on May 9, 1994 and had as of August 5, 1996 taken little action to pursue his claim. The record shows that the only action taken from May of 1994 through February of 1996 was a subpoena duces tecum requested in 1994 shortly after the filing of the action and a list of tentative witnesses filed by Attorney Darvanan on February 12, 1996. Appellant had two attorneys assisting him on the case but both withdrew. Appellant received a continuance when his first counsel withdrew and also received an extension of the trial date when his second counsel withdrew. Further, the only action Appellant took from the time he entered his own notice of appearance on October 28, 1994 to the date of trial on August 5, 1996 was to mail letters to his potential witnesses on May 23, 1996 to try to schedule depositions. Appellant also filed a protective order knowing that no further continuances would be granted; a motion which was filed and granted while the probate judge was on vacation. The trial court found in its entry granting the dismissal that Appellant employed dilatory tactics to delay the case. We find no abuse of discretion in such a finding.
Further, since Appellant is an attorney who entered an appearance on the record without withdrawal, we must charge him with knowledge of the applicable rules and statutes governing his claim, including Rule 6 of the Common Pleas Courts Rules of Superintendence in effect at the time. This rule provided that a court can dismiss a claim for want of prosecution when a case has been on the docket for six months without any action proceeding on the claim. The docketing statement shows that Appellant entered his appearance in the case on October 28, 1994 when his first attorney withdrew. The next entry on the docketing statement shows a date of almost one year later on October 30, 1995 where a status conference was held. This evidences that no action was taken on the case for well beyond a six month period.
Finally, Appellant alleges that the trial court improperly converted Appellees' motion for default judgment into a Civ.R. 41(B)(1) motion to dismiss for failure to prosecute without proper notice to him as Civ.R. 41(B)(1) requires. This argument is also without merit.
Appellant correctly points out that Civ.R. 41(B)(1) requires notice of the intent to involuntarily dismiss a claim for lack of prosecution. Civ.R. 41(B)(1) states:
 "(1) Failure to prosecute. Where the plaintiff fails to prosecute or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."
Civ.R. 41(B)(1).
The language of Civ.R. 41(B)(1) does not mandate formal written notice and it has been held that written notice is not required by the rule. Carr v. Green (1992), 78 Ohio App.3d 487,490, citing Metcalf v. Ohio State Univ. Hosp. (1981), 2 Ohio App.3d 166,167. Further, notice suffices under Civ.R. 41(B)(1) when the motion to dismiss is made in the presence of plaintiff or his counsel when they actually appear at trial. Id. The purpose of the notice requirement of Civ. R. 41(B)(1) is to "* * * afford plaintiff's counsel an opportunity to either comply with the court order, which is the basis of the impending dismissal, or to respond to the motion to dismiss." Id. The Ohio Supreme Court has held that notice of a Civ.R. 41(B)(1) dismissal is accomplished when "* * * counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal." Quonset Hut,80 Ohio St.3d at 49. A court can grant an involuntary dismissal for failure to prosecute at the request of a party or sua sponte. Civ.R. 41(B)(1).
This Court has recently held that written notice was required before a court could render an involuntary dismissal as fundamental fairness and due process require that a party be given an opportunity to explain or respond before his cause of action is terminated. Allied Erecting and Dismantling Co., Inc.v. Century 21 Paints, Inc. (May 14, 1997), Mahoning App. No. 94-CA-37. We inferred that written notice was required. Id.
However, Allied is distinguishable from the instant case in that although we quoted Civ.R. 41(B)(1) for the notice requirement in general, we found that a written notice was specifically required as per Rule 6 of the Ohio Rules of Superintendence for Municipal and County Courts in effect at the time which stated that:
 "* * * Cases which have been on the docket for six months without any proceedings taken therein, except cases awaiting trial assignment, shall be dismissed, after written notice to counsel of record, for want of prosecution, unless good cause is shown to the contrary." (emphasis added).
M.C.Sup.R. 6; Allied, supra.
The instant case involves the probate division of the Mahoning County Common Pleas Court. Rule 6 of the Common Pleas Courts Rules of Superintendence at the time of this trial[1] did not mandate written notice and provided that:
"(A) Review; dismissal; rulings
 "Each judge of a court of common pleas shall review, or cause to be reviewed, all cases assigned to the judge. Cases which have been on the docket for six months without any proceedings taken therein, except cases awaiting trial assignment, shall be dismissed, after notice to counsel of record, for want of prosecution, unless good cause be shown to the contrary." (emphasis added).
C.P.Sup.R.6.
Although written notice would have been preferable, we find the notice in this case sufficient since notice in writing was not required by the Common Pleas Rules of Superintendence and since the court afforded Appellant a full and fair opportunity to address Appellees' request for dismissal.
Additionally, as mentioned earlier, all parties including the court mischaracterized the motion for default judgment and all parties were operating under the assumption that the motion for default judgment was in fact a motion for involuntary dismissal. Appellant clearly shows that he understood that the court was considering dismissal of his claim with prejudice when he acknowledges in his opposing motion that "* * * it is clear that the only appropriate circumstances which permit a court to dismiss a cause * * *" and stated that "* * * the actions of dismissal or default are inappropriate * * *" and premature. (Motion to Strike, 7/31/96). Appellant countered Appellees' contentions and explained in full the reasons he believed that dismissal was inappropriate and premature. Appellant also reveals in a motion for continuance filed on the same date as his motion to strike that he spoke to the court and the court "demanded a dismissal with prejudice" when he suggested that the court issue a Civ.R. 41 voluntary dismissal with leave to refile within one year. (Motion for Continuance, 7/31/96).
Additionally, the transcript from the August 5, 1996 hearing indicates that Appellees orally requested a default judgment or any other alternative relief dismissing Appellant's claim with prejudice. (Tr. p. 7). Appellant was present at the time of this request, expressed his understanding that dismissal was a distinct possibility and presented counterarguments to Appellees' request. (Tr. p. 32). Appellant contended that he was still under the protective order issued by the court and that he could not proceed with trial because he was unrepresented by counsel and unprepared to proceed.
Thus, while the trial court did initially mischaracterize the Civ.R. 41(B)(1) dismissal with prejudice as a grant of default judgment and did in its final order convert the default judgment into a Civ.R. 41(B)(1) dismissal with prejudice, we find no resulting prejudice to Appellant because the purpose of the notice requirement under Civ.R. 41(B)(1) was met prior to the order. All parties were operating under the assumption that Appellant's claim could be dismissed with prejudice, the court had demanded such a dismissal, Appellant expressed his understanding of such a possibility and Appellant had a full and fair opportunity to respond to the possibility of such a dismissal.
For all of the foregoing reasons, we find that the assignments of error advanced by Appellant are without merit. Accordingly, the trial court judgment is hereby affirmed.
Cox, P. J., concurs.
Donofrio, J., concurs.
APPROVED:
 ------------------------------ CHERYL L. WAITE, JUDGE
[1] Rule 6 has since been superseded, effective 7/1/97, which has no bearing on the instant case since the events and hearings occurred prior to July 1, 1997.