OPINION
Defendant-appellant, David Sugar, Jr., appeals a decision of the Mahoning County Common Pleas Court entering judgment in favor of plaintiff-appellee, Kevin C. Ball.
On December 1, 1997, Ball sued Sugar for assault and battery. Ball alleged that Sugar assaulted him with a beer bottle, lacerating his neck. Ball sought compensatory and punitive damages. Sugar answered, counterclaimed, and sued third-party defendants, Brian Taylor, Jay Sawhill, and Kevin Seidner. Ball replied, and Sawhill and Seidner each answered. Sugar never perfected service on Taylor.
After all the initial pleadings were filed, the trial court set a final pretrial for August 27, 1999, and a trial for October 25, 1999. On August 9, 1999, Sugar's counsel asked for a continuance of the pretrial and trial since Sugar was in jail. The court granted the motion. On March 10, 2000, Sugar's counsel asked to withdraw alleging that irreconcilable conflicts had arisen in connection with his representation of Sugar in this matter resulting in his belief that he could no longer effectively represent Sugar. The court granted the motion.
When the matter came on for trial on March 20, 2000, Sugar failed to appear. The court gave Sugar thirty days to secure new counsel and rescheduled the trial for May 30, 2000. Sugar appeared for trial on May 30, 2000, but without counsel, and requested a continuance so that he could obtain counsel. The court again continued the trial and ordered Sugar to appear for a deposition at the office of counsel for Ball on June 21, 2000.
Sugar did not obtain new counsel or appear for his deposition. Sugar also failed to appear for a pretrial that was scheduled for November 22, 2000. The matter again came on for trial on December 4, 2000. Sugar again failed to appear. The court entered judgment on January 30, 2001, in favor of Ball awarding him $50,000 in compensatory damages and $50,000 in punitive damages. The court also granted a motion made by Ball, Sawhill, and Seidner to dismiss Sugar's counterclaim with prejudice. Apparently, after entry of the judgment, Sugar obtained counsel and this appeal followed.
Sugar's first assignment of error states:
 "THE TRIAL COURT ERRED BY DISMISSING APPELLANT'S COUNTERCLAIM PURSUANT TO CIV. R. 41(B)(1) WITHOUT FIRST PROVIDING NOTICE TO APPELLANT."
Sugar alleges that he was not provided notice prior to the dismissal of his counterclaim. He argues that he should have been given the opportunity to explain or cure his default before his lawsuit was dismissed.
Under Civ.R. 41(B)(1), a trial court can dismiss an action for failure to prosecute, but only after notice to the person bringing the action or their counsel: "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."
An appellate court's standard of review of a trial court's decision to dismiss a lawsuit for failure to prosecute is "abuse of discretion."Jones v. Hartranft (1997), 78 Ohio St.3d 368, 371. "Abuse of discretion" implies that it was unreasonable, arbitrary, or unconscionable for the court to dismiss the lawsuit. Id.
A trial court's discretion to dismiss is limited by the "tenet that disposition of cases on their merits is favored in the law." Id. This results in an appellate standard of review that "is actually heightened when reviewing decisions that forever deny a plaintiff a review of a claim's merits." Id. at 372.
A dismissal with prejudice is proper only "when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal." Quonset Hut, Inc. v. Ford MotorCo. (1997), 80 Ohio St.3d 46, syllabus. See, also, Hillabrand v. DrypersCorp. (2000), 87 Ohio St.3d 517, 518. The notice requirement is not satisfied by notice of a trial date. Carr v. Green (1992),78 Ohio App.3d 487. In Carr, the Tenth District held:
"Civ.R. 41(B) requires the prior issuance by the trial court of a separate and additional notice to the plaintiff or his counsel of the pendency of a motion to dismiss for failure to prosecute, whether the dismissal is with or without prejudice, so that the plaintiff has an opportunity to either comply with the court order or explain the circumstances of his non-appearance." Id. at 491.
In this case, there was ample cause to dismiss Sugar's lawsuit based on his obvious failure to prosecute. However, the record contains no evidence that Sugar had notice of the possibility of a dismissal or that he had a reasonable opportunity to defend against dismissal. Notice of the different trial dates, without more, is not enough to constitute the required notice.
Accordingly, Sugar's first assignment of error has merit.
Sugar's second assignment of error states:
 "THE TRIAL COURT ERRED IN GRANTING A DEFAULT JUDGMENT AGAINST APPELLANT WHERE APPELLANT HAD ANSWERED OR OTHERWISE APPEARED IN THE ACTION."
Sugar asserts that a default judgment cannot be rendered against a party who has previously entered an appearance but subsequently fails to appear. Sugar acknowledges that a party whose non-defaulting opponent fails to appear for trial may proceed ex parte to prove his prima facie case by proper evidence in order to receive a judgment. Sugar argues that the trial court incorrectly entered a default judgment rather than proceeding to take evidence on Ball's claim.
The basis of or characterization of the trial court's proceedings in this matter determines the merit of Sugar's argument. In Hrina v. Segall
(June 6, 2001), Mahoning App. No. 00 C.A. 87, unreported, 2001 WL 641509, this court addressed the distinction between a default judgment and an ex parte trial resulting in a judgment on the merits. This court first looked to Civ.R. 55(A) which sets forth the procedural requirements for default judgment when a party has appeared in the action: "If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application."
In Hrina, there was no indication in the record that the plaintiff ever made an application for default judgment or, even if an application had been made, that the defendant received the required notice. This court acknowledged the possibility that the trial court may have proceeded to take evidence in the absence of the defendant:
"As an aside, we recognize that the trial court may have taken proof in the absence of appellant and then simply intended to enter judgment on the merits in appellee's favor, but characterizing its action as a default judgment. However, there is nothing in the record to establish this. Also, when a trial court proceeds to take proof in the absence of the defendant and decides to enter judgment on the merits in favor of the plaintiff, the judgment technically is not a default judgment and should be characterized for what it is — judgment on the merits in plaintiff's favor." Id. at *2.
This court went on to point out that this technical difference is acknowledged in the Staff Notes to Civ.R. 55:
"Assume now that defendant had answered. Clearly he would not be in default for failure to plead. Ultimately, the case being at issue, both parties would receive notice of a trial date. Assume that plaintiff appeared at the trial but that defendant failed to appear. The court might grant a continuance or the court might proceed to take proof in the absence of the defendant and enter judgment on the merits in the absence of the defendant. Technically, the judgment would be on the merits in the absence of the defendant rather than a `default judgment.'"
In this case, the record does not contain a written application for default judgment filed by Ball. Rather, it appears as though counsel for Ball orally moved for default judgment on the date set for trial when Sugar failed to appear. There is no indication that Sugar ever received written notice of this motion. Consequently, the trial court erred in entering a default judgment in favor of Ball and, therefore, is void and hereby vacated.
Accordingly, Sugar's second assignment of error has merit.
Sugar's third assignment of error states:
 "THE TRIAL COURT ERRED IN AWARDING EXCESSIVE COMPENSATORY AND PUNITIVE DAMAGES."
Based on the resolution of Sugar's second assignment of error, his third assignment of error is rendered moot and need not be addressed. App.R. 12(A)(1)(c).
The judgment of the trial court is hereby vacated and the matter remanded for further proceedings according to law and consistent with this opinion.
Vukovich, J., and Waite, J., concurs.