ACCELERATED JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Violetta Ward appeals from the order of the Bedford Municipal Court that denied her motion to vacate an order awarding judgment to plaintiff Lavera Maddox in the amount of $5,000 following Ward's absence from the initial pretrial. For the reasons set forth below, we reverse and remand for further proceedings consistent with this opinion.
 {¶ 2} On July 22, 2004, Maddox filed this matter against Ward, alleging that the residential premises that she had leased from Ward were not habitable, in violation of R.C. 5321.04, and that Ward had improperly retained her security deposit. Ward, represented by attorney Anthony T. Parker, filed an answer denying liability. Ward also filed a counterclaim in which she asserted that Maddox breached the parties' rental agreement and did not leave the premises in a reasonable condition. Maddox denied liability under the counterclaim and served discovery upon Ward.
 {¶ 3} The court set the matter for a pretrial conference on April 18, 2005 at 9:30 a.m. On that same date, Maddox filed a motion to compel discovery. Neither Ward nor her counsel appeared at the pretrial and the court journalized the following order:
 {¶ 4} "* * * The Court finds Defendant has refused to Answer Plaintiff's Discovery Requests and hence these matters are admitted. Upon due consideration, Defendant's Counterclaim is hereby stricken. Judgment is hereby entered in favor of Plaintiff against Defendant in the sum of $5,000 with costs and interest at 5% from date of judgment on Plaintiff's Oral Motion for Summary Judgment."
 {¶ 5} On May 13, 2005, Ward moved for relief from judgment. In support of this motion, Parker averred that he inadvertently marked on his schedule that the pretrial commenced at 1:00 p.m. He arrived at this time with responses to Maddox's request for discovery but learned that judgment had been entered for Maddox and that Ward's counterclaim had been dismissed. He also averred that Maddox had damaged the premises and that her security deposit was retained because the damages exceeded the amount of the security deposit. Parker also argued that the court should have imposed a lesser sanction and should not have awarded Maddox judgment on the merits for failure to appear at the pretrial.
 {¶ 6} The trial court denied the motion for relief from judgment and Ward now appeals, assigning the following error for our review:
 {¶ 7} "The trial court erred in denying Defendant's Motion for Relief from Judgment."
 {¶ 8} Within this assignment of error, Ward asserts that the failure to attend the pretrial was due to excusable neglect, that the court imposed an unduly harsh sanction, and that he did not have an opportunity to respond to Maddox's oral motion for summary judgment or the motion to compel discovery. We agree with these contentions.
 {¶ 9} With regard to the motion to vacate, we note that this court reviews the award or denial of Civ.R. 60(B) motions in accordance with the abuse-of-discretion standard. AssociatedEstates Corp. v. Fellows (1983), 11 Ohio App.3d 112,463 N.E.2d 417; Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9,371 N.E.2d 214. An abuse of discretion implies more than an error of law or judgment; it suggests that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. In re JaneDoe 1 (1991), 57 Ohio St.3d 135, 566 N.E.2d 1181; Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 10} Civ. R. 60(B) provides in relevant part:
 {¶ 11} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * *."
 {¶ 12} To prevail on his motion under Ohio Civ.R. 60(B), the movant must demonstrate that: (1) the moving party has a meritorious defense or claim to present if relief is granted; (2) the moving party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and, (3) the motion for relief is made within a reasonable time. GTE Automatic Electricv. ARC Industries (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, syllabus at paragraph 2; Kay v. Marc Glassman, Inc.,76 Ohio St.3d 18, 1996 Ohio 430, 665 N.E.2d 1102.
 {¶ 13} In Blasco v. Mislik (1982), 69 Ohio St.2d 684,433 N.E.2d 612, the Supreme Court identified the purpose of Civ. R. 60 as affording "relief in the interest of justice." The Court has also observed that any doubt should be resolved in favor of the motion to vacate so that cases may be decided on the merits.Moore v. Emmanuel Family Training Center, Inc. (1985),18 Ohio St.3d 64; 479 N.E.2d 879.
 {¶ 14} With regard to the issue of whether there is a meritorious defense in this matter we note that Ward was not provided with the opportunity to demonstrate whether there were genuine issues of material fact prior to the court's grant of the oral motion for summary judgment. In addition, the court gave her no opportunity to explain why she missed the pretrial.
 1. Summary Judgment {¶ 15} As an initial matter we note that, although the trial court proceeded to consider Maddox's "oral motion for summary judgment" in Ward's absence, Civ.R. 56 obviously requires that the non-moving party be given an opportunity to demonstrate whether there are genuine issues of material fact. No such opportunity was provided in this matter.
 2. Dismissal with Prejudice {¶ 16} Pursuant to Civ.R. 41(B)(1):
 {¶ 17} "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to theplaintiff's counsel, dismiss an action or claim." (Emphasis added.)
 {¶ 18} The notice requirement exists to insure that, to the extent possible, cases are decided on the merits and that a party facing dismissal is given the opportunity to obey the court order of which he or she stands in violation by either curing the defect, proceeding with the matter or dismissing his or her action voluntarily and, thus, without prejudice. Rucker v.Cvelbar Body Paint Co., supra. The notice contemplated by Civ.R. 41(B)(1) includes notice prior to dismissal and an opportunity to explain or correct a party's nonappearance. FordMotor Credit Co. v. Potts (1986), 28 Ohio App. 3d 93,502 N.E.2d 255. As the Court explained therein:
 {¶ 19} "It seems to us preferable that the party be given notice and an opportunity to bring such circumstances to the court's attention prior to the rendering of a judgment against her on the merits, rather than requiring the court and the parties to untangle the situation later through a motion for relief from judgment or an appeal. Giving this defendant notice will afford her only an opportunity to explain the circumstances of her nonappearance — there is no requirement that the court relieve her of the consequences of her nonappearance, if it was inexcusable. The burden will be upon her to explain why her case should not be dismissed for failure of prosecution, or at least why any dismissal should be without prejudice. And, should the trial court accept her explanation that her nonappearance did not amount to failure of prosecution, it may still deem a lesser sanction than dismissal warranted — for example, ordering defendant to pay the expenses of the other parties, incurred as the result of her nonappearance."
 {¶ 20} Accord Carr v. Green (1992), 78 Ohio App.3d 487,605 N.E.2d 431 ("[T]his court reaffirms its position that Civ.R. 41(B) requires the prior issuance by the trial court of a separate and additional notice to the plaintiff or his counsel of the pendency of a motion to dismiss for failure to prosecute, whether the dismissal is with or without prejudice, so that the plaintiff has an opportunity to either comply with the court order or explain the circumstances of his nonappearance").
 {¶ 21} In this matter, the court issued the judgment for Maddox hours after the missed pretrial, and gave Ward no opportunity to defend against the dismissal. See Noles v.Bennett (September 30, 1998), Lorain App. No. 97CA006988 ("The order dismissing the case was issued just four hours after the missed pre-trial conference. There is no indication in the record that the judge or Bennett's counsel made any effort to contact Noles' counsel when he did not appear at the pre-trial conference. * * *. The record is devoid of any indication that Noles' counsel was provided with an opportunity, reasonable or otherwise, to defend against dismissal with prejudice.). See, also, Rucker v. Cvelbar Body Paint Co., (Dec. 7, 1995), Cuyahoga App. No. 68573.
 3. Motion to Vacate {¶ 22} Similarly, with regard to whether a party has established excusable neglect, the Court stated in Svoboda v.Brunswick (1983), 6 Ohio St.3d 348, 351, 453 N.E.2d 648 as follows:
 {¶ 23} "* * * [T]he concept of `excusable neglect' must be construed in keeping with the proposition that Civ. R. 60(B)(1), is a remedial rule to be liberally construed, while bearing in mind that Civ.R. 60(B) constitutes an attempt to `strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done.'" Id., quoting 11 Wright Miller, Federal Practice Procedure 140, Section 2851.
 {¶ 24} In Kay v. Marc Glassman, Inc., supra, the Ohio Supreme Court defined "excusable neglect" in the negative by stating "the inaction of a defendant is not `excusable neglect' if it can be labeled as a `complete disregard for the judicial system.'" Id.
 {¶ 25} Excusable neglect has been established where a party fails to appear at a pretrial due to a scheduling error. Ruckerv. Cvelbar Body Paint Co. (Dec. 7, 1995), Cuyahoga App. No. 68573; Best Ins. Agency, Inc. v. House on Hill, Inc. (June 18, 1987), Cuyahoga App. No. 53392; Noce v. Wible (Dec. 16, 1983), Lake App. No. 9-245.
 {¶ 26} In this matter, the oversight of Ward's counsel in noting an incorrect time for the pretrial conference did not exhibit a deliberate act of ignoring a judicial directive such as would constitute inexcusable neglect.
 {¶ 27} Counsel also asserted a meritorious defense in relation to the alleged damages caused by Maddox at the dwelling.Vardeman v. Llewellyn (1985), 17 Ohio St.3d 24, 27,476 N.E.2d 1038; Prawdzik v. II Enters., Franklin App. No. 03AP-1044,2004-Ohio-3318. In addition, the motion was filed within one month of the court's dismissal and was therefore timely. Morganv. Bateson (May 17, 1996), Montgomery App. No. 15164.
 {¶ 28} In accordance with all of the foregoing, we hold that the trial court abused its discretion by denying Ward's motion for relief from judgement.
 {¶ 29} Ward's sole assignment of error is well-taken.
Reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellees their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, J., concurs (see attached concurring opinion)
 Karpinski, J., concurs in judgment only (see attachedconcurring opinion)
 CONCURRING OPINION