JOURNAL ENTRY AND OPINION
{¶ 1} In this appeal brought on the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1, defendant-appellant Robert Petratos, proceeding pro se, appeals from the judgment of the Lakewood Municipal Court which denied his motion to vacate an eviction order.
 {¶ 2} The purpose of an accelerated appeal is to permit this court to render a brief and conclusory opinion. Crawford v. Eastland ShoppingMall Assn. (1983), 11 Ohio App.3d 158.
 {¶ 3} Petratos presents a single assignment of error, arguing, in effect, that the municipal court abused its discretion in denying his motion. He asserts the municipal court ignored new evidence that its initial eviction order was improper.
 {¶ 4} Following a review of the App.R. 9(A) record, this court cannot find an abuse of discretion. Its judgment, therefore, is affirmed. *Page 2 
 {¶ 5} According to the record, Petratos lived with his mother in her home. On December 24, 2003 plaintiff-appellee Kathryn T. Joseph received Letters of Guardianship from the Cuyahoga County Court of Common Pleas, Probate Division, which appointed her as guardian of Petratos' mother's estate. Petratos' mother was determined to be incompetent.
 {¶ 6} On August 3, 2006 Joseph filed a complaint for eviction in the municipal court, claiming that Petratos was a hold-over tenant without a right to live on the property. The matter was heard by a magistrate, who upheld Joseph's claim and decided Petratos should vacate the premises by September 10, 2006.
 {¶ 7} On September 10, 2006, after Petratos filed objections to the magistrate's decision, the municipal court affirmed. The court stated that the decision was "supported by credible, probative and substantial evidence" which proved that Joseph, acting as guardian of the owner, was entitled to restitution of the premises, and Petratos could "establish no legal right to remain" there. Petratos made subsequent unsuccessful efforts to persuade the municipal court to reconsider that judgment.
 {¶ 8} On January 2, 2007 he filed a "Motion to Vacate the Order of Eviction." Therein, he asserted that the original order of eviction was based on his lack of proof that he had any right to remain on the premises; however, on "November 16, *Page 3 
2006, Medicaid determined the land can be transferred," which meant that he could prove that he had "an equal right to remain on the premises."
 {¶ 9} Petratos attached to his motion an exhibit which purported to be a decision of the "Ohio Department of Job and Family Services, Bureau of State Hearings." The document was dated November 16, 2006, and indicated the agency's previous "denial of the level of care" was incorrect; thus, the document indicated Petratos met one of the requirements necessary to obtain a transfer of his mother's property to himself.
 {¶ 10} Joseph filed a brief in opposition to Petratos' motion. She argued that since Petratos had filed a declaratory judgment action in the probate court with respect to the identical issue, the municipal court could not revisit its judgment.
 {¶ 11} On January 16, 2007 the municipal court issued its judgment denying Petratos' motion. The court stated, inter alia, that the probate court currently was considering the issue of Petratos' legal interest in the property, and since "the issues raised by [Petratos] are the same as previously addressed by this Court," there was no basis for vacating the order of eviction.
 {¶ 12} Petratos filed a timely appeal from the foregoing judgment. He argues that the municipal court erred in denying his motion for relief from judgment because he presented "evidence" that demonstrated the order of eviction was improper. This court finds his argument unpersuasive. *Page 4 
 {¶ 13} A successful Civ.R. 60(B) motion has three components: timeliness, grounds for relief, and a meritorious defense or claim.GTE Automatic Electric, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146. The movant must allege "operative facts" relating to each of these requirements; if any one is not met, the motion should be denied.Svoboda v. Brunswick (1983), 6 Ohio St.3d 348. The trial court is entitled to discretion in determining whether relief should be granted.Griffey v. Rajan (1987), 33 Ohio St.3d 75.
 {¶ 14} In this case, Petratos presented his motion within one year of the order of eviction, and pursuant to Civ.R. 60(B)(2), newly discovered evidence. Thus, he met two of the necessary requirements, those of timeliness and "grounds for relief." Maddox v. Ward, Cuyahoga App. No. 87090, 2006-Ohio-4099; cf., West Terrace, Inc. v. Davison (Aug. 29, 1991), Cuyahoga App. No. 58713.
 {¶ 15} However, the evidence Petratos presented was inadequate to establish the remaining requirement, viz., that he had a meritorious defense to Joseph's claim. Mihovk v. Paulson (Sept. 19, 1996), Cuyahoga App. No. 69987. Even assuming the document he attached to his motion was authentic, it did not establish that he had any legal right to remain on the premises after Joseph obtained guardianship over his mother's property in December 2003.
 {¶ 16} Thus, nothing in the record demonstrates the municipal court abused its discretion in this case. Marino v. Marino (Dec. 3, 1998), Cuyahoga App. No. 73698. *Page 5 
 {¶ 17} Accordingly, Petratos' assignment of error is overruled.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, P.J., and ANN DYKE, J., CONCUR. *Page 1