ASSOCIATED ESTATES CORPORATION, APPELLEE, *v.* FELLOWS, APPELLANT.

(No. 46199—Decided
September 6, 1983.)

APPEAL: Court of Appeals for
Cuyahoga County.

*Mr. Victor M. Javitch* and *Mr. Marc N. Silberman,* for appellee.

*Ms. Nanci E. Pongracz,* for appellant Dale Flowers.

MARKUS, P.J. Defendant appeals from the trial court's denial of his motion to vacate a default judgment. He contends that the trial court failed to certify an appropriate record for appeal and decided his motion contrary to the weight of the evidence. We find no prejudicial error.

Plaintiff-landlord obtained a default judgment against defendant-tenant for unpaid rent, after defendant failed to answer plaintiff's complaint. The court had served defendant by mailing process to his place of employment. Ten weeks after the court entered that judgment, defendant moved to vacate it pursuant to Civ. R. 60(B). The judge conducted an evidentiary hearing on defendant's motion. However, neither party caused a court reporter to attend, so there is no transcript of the hearing.

The trial court determined in its order that defendant was properly served with process and that he failed to present sufficient evidence to justify relief from the resulting judgment. Defendant then submitted a "proposed statement of evidence," which would serve as an appellate record pursuant to App. R. 9(C). Plaintiff objected to defendant's proposed statement, and the court ruled that its journal entry would constitute the "Statement of the Evidence Proceedings." The court later denied defendant's motion to modify the court's statement of the proceedings.

I

Defendant's first two assigned errors challenge the trial court's response to his request for an appellate record:

"I. Pursuant to Ohio Appellate Rule 9(C), it is the duty of the trial court to determine whether a statement of the evidence or proceedings accurately and truthfully reflects all of the evidence presented, to make appropriate additions or deletions, and to approve said statement, as corrected, as the record. Upon appeal, failure of the trial court to do so constitutes reversible error."

"II. As Ohio Appellate Rule 9(E) authorizes the trial court to modify a 9(C) statement of the evidence in the event that something material has been omitted or misstated, the trial court erred in denying defendant/appellant's motion to modify."

App. R. 9(C) provides in part:

"If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee no later than twenty days prior to the time for transmission of the record pursuant to Rule 10, who may serve objections or propose amendments thereto within ten days after service. Thereupon, the statement and any objections or proposed amendments shall be forthwith sub-

mitted to the trial court for settlement and approval. * * *"

In *Joiner* v. *Illuminating Co.* (1978), 55 Ohio App. 2d 187, 195-196 [9 O.O.3d 340], this court stated:

"In order to understand the trial court's authority under Appellate Rule 9 and to resolve the issues raised in this appeal, it is necessary to understand the meaning of the words 'settle,' 'approve,' and 'conform to the truth.'

"Appellate Rules 9(C), (D), and (E) clearly state that if there are any objections, proposed amendments, or disagreements as to the proper contents of a statement of evidence or proceedings, of an agreed statement, or of the record as usually constituted under App. R. 9(A), these differences shall be submitted to and settled by the court. Naturally, settlement by the court would be required only when there are such objections, proposed amendments, or disagreements.

"The terms 'approval' and 'conforms to the truth' as employed by Appellate Rules 9(C), (D), and (E), mean that the trial court must first determine the accuracy and truthfulness of a proposed statement of the evidence or proceedings or an agreed statement and then approve it and sign it. This gives the trial judge the responsibility, duty, and authority to delete, add, or otherwise modify portions of a proposed statement so that it will conform to the truth and be accurate before he approves it."

In this case, defendant filed a seven-paragraph statement of the evidence. Plaintiff objected to each part of plaintiff's proposed statement and suggested that the findings in the trial court's order constitute the App. R. 9(C) statement. The trial court then ruled that its factual findings constituted the statement of the evidence. Upon comparison, we conclude that the court's findings recite most of the significant evidence described in defendant's proposed statement regarding service of process. The court's findings contain factual conclusions without reciting underlying evidence regarding defendant's claimed grounds for relief from judgment and his claimed defense.

An appellate record should recite or summarize the underlying evidence, if the parties seek appellate review of factual issues. The court's findings may conceivably contain a sufficient summary of that evidence, but better practice calls for a separate document intended for that purpose. In this case, the court's findings did not satisfy its responsibility to settle the record for an appeal, but no prejudicial error results.

First, the evidence described in defendant's proposed statement does not justify reversal of the trial court's judgment (see Part II of this opinion). Consequently, the trial court's failure to settle the dispute about that evidence cannot be prejudicial.

Second, an appellate court cannot resolve disputes about the trial court's record in the course of an appeal. The appellate court can authorize correction or supplementation of the trial court's record, when the accuracy of proposed changes is undisputed. App. R. 9(E). When the appellate court must resolve factual disputes about the trial court's record, mandamus is the sole appropriate remedy. See *Blecher* v. *Blecher* (Jan. 31, 1980), Cuyahoga App. No. 39662, unreported. Cf. *Graphic Laminating, Inc.* v. *Creative Enterprises, Inc.* (Dec. 7, 1978), Cuyahoga App. No. 38030, unreported.

Defendant's first two assignments of error are overruled.

## II

Defendant's last assigned error contests the denial of his motion for relief from judgment:

"III. As defendant/appellant demonstrated in the trial court that he is entitled to relief under Ohio Civil Rule 60(B), that he has a meritorious defense or claim to present if relief from judgment is granted, and that his motion for relief

from judgment was timely made, the judgment of the trial court denying defendant/appellant's motion for relief from judgment was against the weight of the evidence and constitutes reversible error."

Defendant first asserts that the judgment was void for lack of proper service necessary to establish the court's jurisdiction over him. If that were the case, he would not need to satisfy the requirements of Civ. R. 60(B) to obtain relief from the judgment. See *Grant* v. *Ivy* (1980), 69 Ohio App. 2d 40, 43-44 [23 O.O.3d 34]; *Security Ins. Co.* v. *Regional Transit Auth.* (1982), 4 Ohio App. 3d 24, 28; *Augustino* v. *Tiffie* (June 30, 1983), Cuyahoga App. No. 46085, unreported, at page 3.

The trial court's findings and its records confirm that the court mailed process to defendant at his place of employment in June. A co-employee signed the certified mail return receipt in the court files. The court's findings and defendant's proposed statement show that defendant personally received a court document that month in an envelope with the court's return address. The court's records show that the complaint and summons were the only mailings which the court sent him that month.

The court's findings and defendant's proposed statement recite his testimony that he did not appreciate the document's full significance. However, both sources also recount defendant's telephone calls to the plaintiff corporation and its law firm to inquire about that court document. The trial court ruled that "defendant was served at his business address * * * and that said service conformed with the requirements of Ohio Civil Rule 4.1(1)." The record supports that finding, even if defendant's proposed statement constituted part of the record.

Therefore, defendant could obtain relief from the resulting valid judgment only by satisfying Civ. R. 60(B). The Supreme Court summarized the requirements for relief under Civ. R. 60(B) in *GTE Automatic Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146 [1 O.O.3d 86], at paragraph two of the syllabus:

"To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."

The trial court ruled that defendant failed to demonstrate a meritorious defense and grounds for relief, as stated in Civ. R. 60(B)(1) through (5). Defendant argues that his defense is non-liability for the rentals claimed or for at least part of them. He contends that he should be relieved from the adverse judgment because of "excusable neglect" (Civ. R. 60[B][1]), or "misrepresentation or other misconduct of an adverse party" (Civ. R. 60[B][3]), or some "other reason justifying relief from the judgment" (Civ. R. 60[B][5]).

Even if we accept defendant's proposed statement of the evidence as accurate, we still conclude that the trial court's rulings were justified. Plaintiff's complaint alleged that defendant incurred rental obligations of $570 from September 1, 1981 to November 29, 1981. Plaintiff's complaint then credits defendant with a security deposit of $377, leaving an unpaid balance due of $193. Defendant's proposed statement recites his testimony that he left the premises at the end of October 1981. However, the proposed statement supplies no evidence denying that defendant owed rent for the full period claimed. He does not deny an obligation for rent until November 29, the amount of the applicable rent, or the non-payment of that rent.

He apparently claims that he did not owe one week of that rent ($77) and that the security deposit covered the remaining obligation. His claimed $77 credit rests on the failure of the air conditioning in his apartment during a week of very warm weather. He fails to show that the landlord knew about the described failure, or that the failure legally justified abatement of the rent for that week. Absent evidence about other rental payments, we cannot evaluate his argument that the security deposit covered the balance.

The evidentiary materials necessary for relief from judgment must present "operative facts" and not mere general allegations or conclusions. *East Ohio Gas Co.* v. *Walker* (1978), 59 Ohio App. 2d 216 [13 O.O.3d 234]; *Adomeit* v. *Baltimore* (1974), 39 Ohio App. 2d 97, at 105 [68 O.O.2d 251]. In reviewing the ruling on the motion, this court can consider only the evidence at the motion hearing if there was a hearing. See *Bates & Springer, Inc.* v. *Stallworth* (1978), 56 Ohio App. 2d 223, at 228-229 [10 O.O.3d 227]. Defendant's proposed statement recounts his testimony "that he did not owe [plaintiff] $193.00," and that at most "he only owed [plaintiff] for those seven days, or approximately $77.00." These statements do not constitute sufficiently specific operative facts.

With regard to his claimed grounds for relief from judgment, his proposed statement is similarly deficient. He claims "excusable neglect" because he did not appreciate the significance of the court documents and waited for plaintiff's counsel to supply an itemized "breakdown." His proposed statement summarizes his testimony about calls to plaintiff and plaintiff's counsel, and his belief that plaintiff's counsel was merely a collection agency. He does not assert any lack of general education or sophistication about business and legal matters. Indeed, his appellate counsel's brief states: "Mr. Fellows [defendant] is a responsible businessman * * *." The neglect of an in-

dividual to seek legal assistance after being served with court papers is not excusable. Cf. *Equilease Corp.* v. *Thompson* (July 6, 1978), Cuyahoga App. No. 37510, unreported (defendant's failure to answer because of his upcoming vacation not excusable); *Grays* v. *Bd. of Zoning Appeals* (April 10, 1980), Cuyahoga App. No. 40239, unreported (allegation of lack of notice not sufficient for Civ. R. 60[B] relief); *Colley* v. *Bazell* (1980), 64 Ohio St. 2d 243, 249 [18 O.O.3d 442] (the experience and understanding of the defendant with respect to litigation matters is a relevant consideration but not a decisive factor).

Alternatively, defendant argues that the secretary of plaintiff's attorney allegedly "misrepresented" the importance of the papers. However, his proposed statement fails to identify any such misrepresentation. Instead, the statement indicates that the secretary told defendant he owed the disputed amount, but failed to advise him that he must answer a pending lawsuit. The statement also indicates defendant "was under the impression" that "no further action was required" by him until the secretary provided a requested breakdown. However, the statement contains no evidence that the secretary told defendant to take no action, or that otherwise explains the basis for his "impression."

Defendant's reported communications with the office of plaintiff's counsel do not constitute "misrepresentation or other misconduct of an adverse party," Civ. R. 60(B)(3). Counsel for the adverse party had no duty to give defendant legal advice. Indeed, such advice may be professionally improper. See DR 7-104(A)(2); EC 7-18. Even if the secretary were a collection agency employee, she had no duty to advise defendant. The absence of any representation is not a "misrepresentation" in these circumstances.

Finally, defendant refers to the "catch all" basis for relief from judgment, some "other reason justifying relief from

the judgment," Civ. R. 60(B)(5). That ground applies only when the injustice is "substantial"; it cannot serve as a substitute for the more specific grounds in Civ. R. 60(B). *Caruso-Ciresi, Inc.* v. *Lohman* (1983), 5 Ohio St. 3d 64, paragraphs one and two of the syllabus. Defendant's proposed statement supplies no evidence for its application here.

An appellate court will not disturb an order denying relief from judgment, unless the trial court has abused its discretion by that ruling. *Doddridge* v. *Fitzpatrick* (1978), 53 Ohio St. 2d 9 [7 O.O.3d 5]. Defendant has failed to demonstrate such an abuse of discretion, even if his proposed statement of evidence accurately reports the evidence presented at the hearing on his motion for relief from judgment.

Defendant's third assigned error is overruled.

Accordingly, the judgment of the Lyndhurst Municipal Court is affirmed.

*Judgment affirmed.*

DONOFRIO and DAHLING, JJ., concur.

DONOFRIO, J., of the Seventh Appellate District, and DAHLING, J., of the Eleventh Appellate District, sitting by assignment in the Eighth Appellate District.