OPINION
On May 15, 1998, Lexis Document Services ("Lexis") filed a complaint in the Franklin County Municipal Court against Thompson Ward Leasing Co., Inc. ("Thompson Ward"), averring it was owed $8,392.73 from Thompson Ward on an account. Lexis demanded judgment in its favor for $8,392.73 plus interest at a rate of 18% from September 24, 1997 (for a total of $9,352.95), plus costs and interest from the date of filing the complaint. Service of summons was completed upon Thompson Ward on May 20, 1998. On July 1, 1998, Lexis filed a motion for default judgment indicating that Thompson Ward had failed to file an answer or otherwise plead in the matter. On July 9, 1998, the trial court filed a judgment entry granting default judgment in favor of Lexis in the amount of $9,352.95 plus interest and costs. Lexis thereafter began garnishment proceedings.
On August 5, 1998, Thompson Ward filed a request for a hearing on the garnishment. On August 6, 1998, counsel for Thompson Ward filed a notice of appearance. On August 13, 1998, Thompson Ward filed a motion for relief from judgment pursuant to Civ.R. 60(B). Thompson Ward stated it received service of summons and the complaint on May 20, 1998 and fully intended to defend against the lawsuit. However, through excusable neglect, the matter was not referred to counsel, and the time in which to answer passed. Thompson Ward asserted it did not owe the amount alleged. Lexis filed a memorandum contra.
On September 23, 1998, the trial court filed an entry indicating that a hearing on the Civ.R. 60(B) motion for relief from judgment would be held on October 16, 1998. The parties were notified of this hearing. On October 20, 1998, the trial court journalized a judgment entry stating that a hearing was scheduled for October 16, 1998 and that neither party appeared for such hearing. Therefore, the trial court denied Thompson Ward's motion for relief from judgment.
On October 27, 1998, Thompson Ward filed a motion for reconsideration, stating that the October 16, 1998 hearing had been rescheduled for November 2, 1998, and this was the reason neither party had appeared on October 16, 1998. On November 4, 1998, the trial court journalized an entry stating that it was granting the "request for a new hearing date on the 60(B) motion."[1] A hearing on the Civ.R. 60(B) motion was held.
On December 10, 1998, the trial court filed a judgment entry denying Thompson Ward's motion for relief from judgment. The trial court determined that Thompson Ward had shown its motion was timely and had presented a meritorious defense. However, Thompson Ward had failed to establish excusable neglect, its stated ground for relief pursuant to Civ.R. 60(B).
Thompson Ward (hereinafter "appellant") has now appealed to this court, assigning the following error for our consideration:
 The Franklin County Municipal Court erred in denying Thompson Ward Leasing Co., Inc.'s Motion for Relief from Judgment pursuant to Rule 60(B) of the Ohio Rules of Civil Procedure.
In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R 60(B) (1) through (5); and (3) the motion is made within a reasonable time or not more than one year after the judgment, order or proceeding when the grounds are pursuant to Civ.R. 60(B) (1), (2) or (3). GTE Automatic Electric v. ARCIndustries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. The trial court found that appellant demonstrated the first and third requirements under GTE. However, the trial court concluded that appellant failed to demonstrate excusable neglect. Where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits. GTE at paragraph three of the syllabus. However, this principle does not obviate the requirement that the movant demonstrate he or she is entitled to relief under one of the grounds in Civ.R. 60(B) (1) through (5).Id. at 151.
Appellant contends it demonstrated excusable neglect. Lexis (hereinafter "appellee") asserts that appellant's neglect in failing to timely seek legal counsel is not excusable. The concept of "excusable neglect" must be construed in keeping with the proposition that Civ.R. 60(B) is a remedial rule to be liberally construed. Colley v. Bazell (1980), 64 Ohio St.2d 243,248. Whether or not neglect is excusable must take into consideration all the surrounding facts and circumstances. Id. at 249. A motion for relief from judgment is addressed to the sound discretion of the trial court; therefore, the trial court's ruling will not be disturbed on appeal absent an abuse of such discretion. See In re Whitman (1998), 81 Ohio St.3d 239, 242, citing Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77.
We note that the parties differ as to what evidence this court may consider in determining whether or not the trial court abused its discretion. Appellee contends this court may only consider the transcript of the hearing on the Civ.R. 60(B) motion. Appellant asserts this court may consider all of the evidence submitted in support of its motion, including the affidavits attached to its motion for relief from judgment.
We need not resolve the parties differing views on the issue, because even if we consider all of the evidence, the trial court did not abuse its discretion in denying appellant's Civ.R. 60(B) motion.
The complaint herein was filed on May 15, 1998. The record shows that service of summons and the complaint were delivered to appellant on May 19, 1998. Heather Nave, appellant's employee in Accounts Payable/Receivable, testified that she learned of the lawsuit around May 15, 1998. (Tr. 13.) Edward C. Thompson, Jr., one of appellant's owners, testified that he learned of the lawsuit in May, that either he or his partner received the complaint and summons and signed for it, and that he reviewed the entire complaint. Id. at 17, 22. After such review, Mr. Thompson and his partner assumed that since they had used "collection agents" in the past, they would ask such agent(s) what they should do. Id. at 17. Mr. Thompson contacted Ms. Nave and asked her to call such agent(s) and "ask them what they can do for us or if they have an attorney that would represent from this side of the case." Id.
Ms. Nave testified that she was asked to call the "people [she] deal[s] with in collections, since this was a collections case, and ask if they could help us in any way with the case, if they could help us with court." Id. at 11-12. Ms. Nave called appellant's collection agency, Fabco, and Fabco told her that "their clerks don't help that way, but they have outside lawyers that they use and we could have their number if we wanted it[.]" Id. at 12. Fabco told Ms. Nave that if appellant chose to "go that way," Fabco would give appellant the names and numbers of Fabco's lawyers. Id. at 15. Ms. Nave testified that she informed Mr. Thompson of this conversation, but that she guessed "they decided not to go that way." Id. at 12. Ms. Nave further testified that when she informed Mr. Thompson of her conversation with Fabco, he replied "[w]e have lawyers." Id. at 15. Mr. Thompson did not recall this conversation with Ms. Nave. Id. at 18.
Tim Bourke, appellant's controller, stated in an affidavit that it was appellant's intention to contact an agency for assistance in determining who the matter should be turned over to for a defense. Mr. Bourke stated that an agency was contacted, appellant was told the agency would get back to appellant, and the agency never got back to appellant. Mr. Bourke further stated that while waiting for the agency to contact appellant, the matter did not get "diaried" and through error, the matter was not referred to counsel. Mr. Thompson testified that he thought Mr. Bourke was in contact with a "legal agency" to find out what made up the amount of the bill from appellee. Id. at 18. Mr. Thompson testified that he assumed the matter was being handled "internally" by appellant. Id.
Mr. Thompson testified that he never chose to ignore the papers from the court, and he believed appellant was doing "something to at least find out from either Lexis or Lexis' attorneys, what did we owe them." Id. at 19-20. Mr. Thompson stated that if Ms. Nave had told him what she testified as having told him, then "I didn't understand what she had told me at the time and I'm only — probably screwed up on it that I didn't push forward and call [appellant's attorney] up ahead of time." Id. at 21. Appellant first contacted its attorney about two and one-half months after receiving the complaint when it learned that the money allegedly owed had been taken out of its bank account. Id. at 23-26.
The above evidence shows that because of neglect, appellant failed to timely file an answer. However, the trial court did not abuse its discretion in concluding that such neglect was inexcusable. Appellant received the summons and complaint but instead of seeking the advice of counsel, it contacted a collection agency. When it was told by such collection agency that the agency itself did not handle such matters and that the agency could provide the names of attorneys, appellant still did not contact an attorney. This court has stated that the failure to seek legal assistance after being served with court papers is not automatically excusable neglect. See N. American SpecialtyIns. Co. v. Hoff (Nov. 9, 1993), Franklin App. No. 93AP-915, unreported (1993 Opinions 4732, 4736), citing Associated EstatesCorp. v. Fellows (1983), 11 Ohio App.3d 112, 116. Given the evidence submitted in the case at bar, we conclude that the trial court did not abuse its discretion in denying appellant's motion for relief from judgment on the basis appellant failed to show excusable neglect.
Accordingly, appellant's assignment of error is overruled.
Having overruled appellant's sole assignment of error, the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
BRYANT and BROWN, JJ., concur.
[1] This entry, in effect, vacated the trial court's October 20, 1998 judgment entry.