Defendant-appellant Costanzia Blackmon appeals from an order of the Euclid Municipal Court denying, without a hearing, her motion for relief from judgment because of failure of service. We reverse.
On April 23, 1998, plaintiff-appellee Royal American Management Corporation (Royal) filed a complaint against Blackmon for breach of a residential lease. The complaint sought $2,099.98 in unpaid rent and various other charges set forth in an attached account. The lease attached to the complaint stated the six-month lease term began on February 1, 1997.[1] Royal requested the court serve Blackmon with a copy of the summons and complaint C/O Ford Stamping Plant in Walton Hill, Ohio.
A certified mail receipt was signed by a Ford employee (other than Blackmon) and returned to the court. The record contains no indication, however, that the summons and complaint was delivered to Blackmon by anyone in the plant. Approximately six weeks thereafter, Royal filed a motion for default judgment against Blackmon, who did not appear and defend the action.
In an order journalized July 2, 1998, the trial court granted a default judgment against Blackmon in the amount of $1,879.23 plus court costs. The clerk of court apparently mailed a copy of the judgment entry to the Ford Walton Hill Stamping Plant. Approximately one week later on July 9, 1998, Ford returned by mail the journal entry with the handwritten notation: Employee transferred to Kentucky Plt. Royal ultimately began garnishing Blackmon's wages in April, 1999.
On May 5, 1999, Blackmon filed a motion in the municipal court to vacate the default judgment against her. She alleged that she was not properly served with a summons and complaint and that the default judgment against her violated due process. She submitted an affidavit stating that she had moved out of the state of Ohio to Louisville, Kentucky in March 1998, one month before the case at bar was filed. She stated that her job was transferred at that time from the Ford Walton Hill Stamping Plant to another Ford plant in Louisville, and that her first knowledge of the action was when Royal began garnishing her wages in April, 1999.
Royal did not file a brief in opposition; nevertheless, without conducting an evidentiary hearing, the municipal court denied the motion for relief from judgment. Blackmon timely appeals raising one assignment of error. Royal has filed no appellee's brief. The sole assignment of error follows:
 IT WAS ERROR FOR THE TRIAL COURT NOT TO GRANT DEFENDANT'S MOTION TO VACATE JUDGMENT BASED ON FAILURE OF SERVICE.
This assignment is well-taken in part.
Blackmon argues the trial court erred by denying relief from the default judgment, because she was a resident of Louisville, Kentucky since March, 1998, before the case was filed, and was never properly served with a copy of the summons and complaint against her. She argues that Royal did not oppose her motion or present any evidence that she had been properly served in the case at bar.
Under the circumstances, we find the municipal court erred by not conducting an evidentiary hearing when it denied her motion for relief from judgment. See e.g., Cincinnati Ins. Co. v. Emge (1997), 124 Ohio App.3d 61; Rite Rug Co., Inc. v. Hooper Holmes, Inc. (1993), 106 Ohio App.3d 59. The record in the case at bar contains sufficient evidence to raise issues of fact concerning whether valid service was made against plaintiff. Specifically, inter alia, the record reveals unresolved issues concerning Blackmon's residency and whether service at her employer's business address was reasonably calculated to reach her.
As the record currently stands there is no evidence that Blackmon was served with the summons and complaint or was provided notice of the action by her employer. She has provided unrebutted evidence that she first received notice of the action when Royal began garnishing her wages, nine months after the default judgment. In light of these factual issues, it was an abuse of discretion to deny her motion without having conducted an evidentiary hearing to consider the service problems. Cincinnati Ins. Co. v. Emge, supra at 64.
When denying Blackmon's motion, the trial court purported to rely on this court's opinion in Associated Estates Corp. v. Fellows (1983), 11 Ohio App.3d 112. Associated Estates involved a motion for relief from a default judgment by a tenant who had been served a summons at his place of employment. This court held that a party seeking relief from a judgment which was void for lack of proper service of process need not satisfy the requirements of Civ.R. 60(B). Associated Estates, however, does not support the trial court's judgment in the case at bar.
The record in Associated Estates did not show a lack of service. In fact, the tenant admitted to receiving a "court document", which, by the timing could only have been the complaint and summons. Id. at 115. Moreover, the municipal court in Associated Estates, unlike the court in the case at bar, actually conducted an evidentiary hearing on the motion for relief from judgment to determine whether proper service had been made and whether there were grounds for relief from judgment. Id. at 113. Finally, unlike the case at bar, the record in Associated Estates contained no evidence to dispute the amount of rent owed for the period claimed. Id. at 115. In the case at bar, the term of the lease is not clear and, without providing any explanation, the trial court did not award the landlord the entire amount it sought.
Blackmon cites another case, Akron-Canton Regional Airport Authority v. Swinehart (1980), 62 Ohio St.2d 403, which also supports her argument. Swinehart concerned the sufficiency of service of process on a property owner at a business address. During a prior appeal, the court of appeals specifically remanded the matter to the trial court for a hearing to determine the sufficiency of service. Id. at 404.
Following the hearing, the trial court determined that service was not "reasonably calculated" to reach the property owner. As in the case at bar, the complaint and summons was mailed by certified mail to a corporate address and there was no evidence that the proposed recipient ever received it. The Supreme Court held that the sufficiency of service must be evaluated on the particular facts of each case to determine whether notice was reasonably calculated to reach the interested party. Id. at 407.
The Supreme Court concluded in Swinehart that service, at a corporate address which was not the defendant's principal place of business, did not comport with due process. Id. at 407. The Supreme Court affirmed the trial court's finding that service was deficient, despite the fact that the defendant was a vice-president of the corporation located at the address served, in part because he maintained his principal place of business in a different city.
Defendant in the case at bar was not a high corporate official at the Ford Stamping Plant in Walton Hill, Ohio. More importantly, however, she has presented evidence that she maintained an out-of-state residence in Louisville, Kentucky when Royal sought to serve her at her former place of employment. Although we decline to express any opinion concerning the sufficiency of service or the merits of Blackmon's motion for relief from judgment, we find that the trial court committed reversible error by denying the motion without conducting a hearing.
Accordingly, Blackmon's sole assignment of error is sustained.
Judgment accordingly.
It is, therefore, ordered that appellant recover of appellee her costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 __________________________ DIANE KARPINSKI, JUDGE
TERRENCE O'DONNELL, P.J., and JOHN T. PATTON, J., CONCUR.
[1] The lease termination date, however, was inexplicably listed in the same sentence as July 31, 1998," seventeen months thereafter.