JOURNAL ENTRY AND OPINION
Defendant-appellant Sam Abounader (appellant) appeals from the judgment of the trial court in favor of plaintiffs-appellees Mladen and Mario Medancic (Medancic) in a breach of contract action.
Appellant assigns the following errors for review:
 I. THE TRIAL COURT ERRED IN ITS PREPARATION AND APPROVAL OF AN APP. RULE 9(C) STATEMENT OF EVIDENCE AND PROCEEDINGS, WHERE SUCH A RECORD DOES NOT SET FORTH TESTIMONY AND EVIDENCE WITH SUFFICIENT PARTICULARITY TO ALLOW DEFENDANT-APPELLANT TO CITE TO SAID RECORD AND THEREBY PROSECUTE HIS APPEAL.
 II. THE JUDGMENT OF THE TRIAL COURT AGAINST DEFENDANT-APPELLANT AND IN FAVOR OF PLAINTIFF-APPELLEE ON PLAINTIFF-APPELLEE'S COMPLAINT IS CONTRARY TO AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 III. THE JUDGMENT OF THE TRIAL COURT AGAINST DEFENDANT-APPELLANT AND IN FAVOR OF PLAINTIFF-APPELLEE ON DEFENDANT-APPELLANT'S COUNTERCLAIM IS CONTRARY TO AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Finding the appeal to lack merit, the judgment of the trial court is affirmed.
 I.
On March 25, 1999, Mladen and Mario Medancic filed a complaint in Lyndhurst Municipal Court. Medancic claimed appellant breached a contract under which they performed carpentry work for appellant. Medancic prayed for damages of one thousand three hundred dollars ($1,300.00) plus interest. After a hearing, the magistrate found Medancic did carpentry work for appellant. The contract price was four thousand nine hundred dollars ($4,900.00) of which four thousand four hundred dollars ($4,500.00) was paid by appellant. The magistrate found Medancic substantially complied with the contract and also performed some extra work for appellant. The parties agreed to a rate of eighteen dollars ($18.00) per hour for extras. Appellant owed Medancic four hundred dollars ($400.00) for this extra work. The magistrate entered judgment in favor of Medancic for nine hundred dollars ($900.00).
Appellant filed objections to the magistrate's decision. Appellant alleged Medancic did not substantially complete the project but left nearly half the work called for under the contract uncompleted. Medancic refused to return after demands for full payment were not met by appellant. Appellant averred he hired another carpenter to complete the work Medancic should have performed under the contract. Appellant disputed Medancic performed any extra work on his newly constructed home or that he agreed to any extra work. Appellant expressed his intent to assert a counterclaim against Medancic for the monies expended for another carpenter to complete the work left unfinished by Medancic.
On June 22, 1999, the trial court ordered the matter set for rehearing before the magistrate. The trial court granted appellant leave to file his mandatory counterclaim. On July 7, 1999, appellant filed his counterclaim, praying for damages of two thousand two hundred forty-three dollars ($2,243.00) for costs incurred in securing the completion of work Medancic left undone.
On July 23, 1999, the magistrate issued its decision. The magistrate found the parties entered into a contract on April 6, 1998. Under the contract, Medancic was to perform carpentry work for appellant for four thousand seven hundred dollars ($4,700.00) plus an additional two hundred dollars ($200.00) for crown molding which Medancic completed. The terms of the contract called for Medancic to be paid eighteen dollars ($18.00) an hour for any extra work. Near the completion of the job, Medancic presented appellant with a charge for extra work which he refused to pay. Medancic then left the job site. The magistrate found Medancic completed ninety-eight percent (98%) of the work. Appellant paid Medancic four thousand four hundred dollars ($4,400.00) and owed four hundred two dollars ($402.00). Medancic proved they performed extras worth two hundred sixteen dollars ($216.00). Because Medancic was justified in leaving the job due to non-payment, the magistrate found appellant would not be reimbursed for any funds spent to complete the work. The magistrate awarded judgment for Medancic in the amount of six hundred eighteen dollars ($618.00) and entered judgment against appellant on his counterclaim.
Appellant filed objections to the magistrate's decision. On September 7, 1999, the trial court issued its journal entry. The trial court determined appellant failed to prove the amount claimed by him was due to Medancic's failure to complete nearly half of the contract requirements. The trial court concurred with the magistrate's finding that ninety-eight percent of the work called for under the contract was completed. Any additional work done by other contractors was by a separate order and not included in the written contract between the parties. Therefore, appellant could not recover for the monies he paid to other contractors. The trial court adopted the magistrate's decision.
 II.
In his first assignment of error, appellant disputes the adequacy of the App.R. 9(E) statement of the evidence. Appellant contends the statement of the evidence is deficient, preventing him from properly citing to the record in support of his assignments of error.
Appellant filed an App.R. 9(C) statement with the trial court. There is no indication in the record that Medancic objected to the statement of the evidence. Even so, the trial court did not adopt and approve appellant's statement of the evidence but issued its own App.R. 9(E) statement.
App.R. 9(E) provides:
 If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the trial court, either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or of its own initiative, may direct that omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the court of appeals.
The trial court bears the responsibility of ensuring that an App.R. 9 statement of the evidence conforms to the truth and is accurate before giving its approval. Associated Estates Corp. v. Fellows (1983),11 Ohio App.3d 112, 114, quoting Joiner v. Illuminating Co. (1978),55 Ohio App.2d 187, 196. If appellate review of factual issues is sought, the statement of the evidence should summarize the underlying evidence. Even so, a reviewing court is not to resolve disputes about the record of the proceedings below during the course of an appeal. App.R. 9(E) can be used to correct the record. Id. It is within the province of the trial court to resolve any disputes about the record on appeal. State v. Schiebel (1990), 55 Ohio St.3d 71, 81; State ex rel. Hunter v. Court of Common Pleas, Cuyahoga County (Jul. 8, 1999), Cuyahoga App. No. 76161, unreported.
A review of the App.R. 9(E) statement in question shows that it does summarize the testimony presented below. The statement is somewhat terse, but review is possible utilizing the statement and the record as a whole. It was within the purview of the trial court to settle any disputes about the evidence admitted and to present this court with an accurate record of what occurred.
Appellant's first assignment of error is overruled.
 III.
Appellant's second and third assignments of error will be addressed together as similar issues of law and fact are present. In these assignments of error, appellant contends the judgment of the trial court was against the manifest weight of the evidence. Appellant argues he submitted uncontradicted evidence below showing his payment of additional funds to another contractor to finish the work Medancic left undone or incomplete. Appellant maintains this evidence refutes the claim Medancic substantially performed under the contract. Appellant also disputes there was any evidence he agreed to any of the extra work Medancic claimed was performed.
In determining whether a judgment is against the manifest weight of the evidence, an appellate court must be guided by the presumption that the findings of fact made below were correct. This is because the trier of fact observes the witnesses and their demeanor, gestures, and voice inflections, making the fact finder the best judge of credibility. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77. Judgments supported by some competent, credible evidence going to all the essential elements will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279.
The parties disagreed below as to how much of the contracted for work Medancic completed before permanently departing from the job site. Medancic stated nearly all of the work was performed while appellant asserted that most of the work was never done by Medancic. Appellant presented bills from two other contractors to buttress his claim regarding the amount of work performed by Medancic under the contract. A review of those invoices shows some of the work involved removal of baseboards, apparently already installed by Medancic as well as installing detail and trim work which may not have been a part of the contract with Medancic. The trial court determined Medancic did perform most of the work called for under the parties' contract, preventing appellant from recovering for any additional work done by different contractors.
There was competent, credible evidence admitted below supporting the trial court's decision in favor of Medancic on his claim and against appellant on his counterclaim. The judgment was not against the manifest weight of the evidence.
Appellant's second and third assignments of error are overruled.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Lyndhurst Municipal Court to carry this judgment into execution.
 _________________________ LEO M. SPELLACY, JUDGE
ANN DYKE, ADM.J. and PATRICIA A. BLACKMON, J. CONCUR.