JOURNAL ENTRY AND OPINION
This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1. Susan Tyukodi appeals from two judgments of the Domestic Relations Court, one vacating the division of the marital property and spousal support award and the other for staying the disbursements of funds collected by the Cuyahoga Child Support Enforcement Agency, in connection with her divorce from her ex-husband, George Tyukodi. Mrs. Tyukodi urges the court improperly granted Mr. Tyukodi's motion for relief from judgment and motion to stay disbursement of funds to CSEA. After a review of the record, we reverse the decision of the trial court.
The history of this case reveals that on November 16, 1999, Mrs. Tyukodi filed a complaint for divorce, determination of parenting rights, and spousal support. Mr. Tyukodi failed to answer the complaint, and the case proceeded to trial on February 23, 2000. Prior to trial, the court informed Mr. Tyukodi that he had a right to be represented by a lawyer. Mr. Tyukodi, however, elected to proceed and to represent himself. At trial, the court found Mr. Tyukodi guilty of gross neglect of duty and granted the divorce. Further, the court determined Mr. Tyukodi engaged in financial misconduct, and in order to pay those expenses and to prevent his incarceration, Mrs. Tyukodi borrowed funds from her retirement account. The court awarded her the marital home, custody of their two minor children, Connie (d.o.b. March 7, 1985) and Timothy (d.o.b. February 3, 1990), the 1998 Ford van and the household furnishings in her possession. The court granted Mr. Tyukodi visitation of the children, any and all interest in Tyukodi Construction Company and his van. Further, the court ordered him to pay monthly child support in the amount of $659.97, the second mortgage on the house, the outstanding credit card debt and any real estate taxes due on the house.
Thereafter, on March 3, 2000, Mr. Tyukodi filed a motion for relief from judgment citing his mistaken impression the court would only grant the divorce at trial and decide issues relating to the division of the marital property and child support at a later date. Further, he disputes the entire division of marital property as inequitable because Mrs. Tyukodi is permitted to retain possession of the family van, and the house and its furnishings while he is obligated to pay sixty percent of the outstanding debt.
Three weeks later, Mr. Tyukodi appealed this determination to our court, but later requested that we remand the case back for a determination on his 60(B) motion. Mrs. Tyukodi filed a brief in opposition to the motion for relief from judgment, and moved the court to dismiss the case.
On June 5, 2000, the trial court, on remand, considered the motion for relief from judgment and granted it in part, vacating the division of marital property and the award of spousal support. Interestingly, Mr. Tyukodi stated at page four of his brief that the court conducted a hearing in chambers on his 60(B) motion four days after it had journalized its decision. On June 13, 2000, Mr. Tyukodi filed a motion to stay disbursement of the funds collected by the Cuyahoga Child Support Enforcement Agency. Two days later, he filed a motion to modify child support, arguing a change in circumstances without providing any hint as to the nature of that change. Thereafter, the court granted the motion to stay disbursement. Mrs. Tyukodi appeals from this decision and the court's earlier grant of relief from judgment and raises four assignments of error. The first three assignments of error will be discussed together because they pertain to the motion for relief from judgment. They state:
 I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING APPELLEE'S MOTION FOR RELIEF FROM JUDGMENT AS APPELLEE'S MOTION DOES NOT PRESENT A MERITORIOUS CLAIM OR DEFENSE.
 II. ASSUMING, ARGUENDO, THAT APPELLEE HAS A MERITORIOUS CLAIM OR DEFENSE TO PRESENT IF RELIEF IS GRANTED, THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING APPELLEE'S MOTION FOR RELIEF FROM JUDGMENT AS APPELLEE IS NOT ENTITLED TO RELIEF PURSUANT TO ANY OF THE GROUNDS STATED IN CIV.R. 60(B)(1) THROUGH (5).
 III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING APPELLEE'S MOTION FOR RELIEF FROM JUDGMENT WITHOUT CONDUCTING AN EVIDENTIARY HEARING.
Mrs. Tyukodi contends the court erred in granting the motion for relief from judgment because Mrs. Tyukodi does not have a meritorious claim. He, however, claims entitlement to relief from judgment. Thus, the issue is whether the court properly granted judgment in Mr. Tyukodi's favor.
We begin by noting the decision whether to grant a Civ.R. 60(B) motion rests within the sound discretion of the trial court and will not be disturbed on appeal absent a clear showing of abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75. An abuse of discretion connotes more than a mere error of law or judgment; rather, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
In GTE Automatic Elec. Inc. v. ARC Indus., Inc. (1976),47 Ohio St.2d 146, 150, the court stated:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
 To prevail on his motion under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R.
 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. Civ.R. 60(B); (Citations omitted.)
Mr. Tyukodi's motion for relief from judgment did not contain allegations of operative facts that would warrant relief under Civ.R. 60(B). He filed his motion within a reasonable time; however, the record does not indicate that he presented a meritorious claim or that he is entitled to relief under Civ.R. 60(B). Even though he claims in an unsigned and unnotarized affidavit that he was overwhelmed and unprepared, his misunderstanding of the divorce proceeding and failure to retain counsel does not constitute excusable neglect. See Associated Estates, Corp. v. Fellows (1983), 11 Ohio App.3d 112, 116. The crux of his argument is the division of marital property is inequitable. Further, he claims for the first time on appeal Tyukodi Construction Company is bankrupt; however, he has offered no proof of that assertion. Mrs. Tyukodi does receive the house and its furnishings and a vehicle, but she has custody of the children and needs a place for them to live and requires transportation. Based on the test set forth in GTE, the court had no basis to grant Mr. Tyukodi relief from judgment. We believe the court abused its discretion, and accordingly, these assignments of error are well taken. Our determination here renders the third assignment of error moot.
 IV. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING APPELLEE'S MOTION TO STAY DISBURSEMENT.
Mrs. Tyukodi argues the court abused its discretion when it stayed disbursement of child support funds. Mr. Tyukodi maintains this issue is not ripe for appeal because he filed the motion to stay disbursement as an interlocutory post-decree motion. We disagree and believe the court abused its discretion when it stayed disbursement of child support funds. Those funds were not part of the court's June 5, 20000 order vacating the division of marital property and award of spousal support. Accordingly, this assignment of error is well taken.
Judgment reversed and the original judgment entry of divorce is reinstated.
It is ordered that appellant recover of appellee her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas Domestic Relations Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _____________________ JAMES J. SWEENEY, J.:
ANNE L. KILBANE, P.J., and COLLEEN CONWAY COONEY, J., CONCUR.