OPINION
{¶ 1} This case is before the court on Plaintiff-Appellant G S Manufacturing's direct appeal from a May 25, 2005 trial court decision granting summary judgment in favor of Defendant-Appellee Lagos Lagos. G S also appeals the trial court's December 29, 2005 decision denying its Civ.R. 60(B) motion. For the following reasons, we will affirm the judgments of the trial court.
 I *Page 2 {¶ 2} G S filed its complaint on April 3, 2002 alleging attorney malpractice and breach of contract against Lagos. In addition to the damages claimed for the malpractice and contract claims, G S sought damages for emotional distress and punitive damages. All allegations arose from events that occurred during the three and one-half years that Lagos served as G S's legal counsel. That attorney-client relationship ended in April, 2001.
 {¶ 3} Fourteen months after the filing of its complaint, G S sought permission from the trial court to amend that complaint. The trial court allowed an amended complaint to be filed in March, 2004. Lagos filed a motion for summary judgment, to which G S did not respond. The trial court granted summary judgment to Lagos, and G S filed a timely notice of appeal. At the request of G S, this Court stayed the appeal and remanded the case to the trial court for the limited purpose of ruling on G S's pending Civil Rule 60(B) motion for relief from judgment. The trial court denied G S's motion, and G S promptly amended its notice of appeal to include an appeal of the trial court's decision denying its motion for relief from judgment. This case is now ripe for review.
 II {¶ 4} G S presents eight assignments of error, four of which are in its initial brief and four of which are in its supplemental brief. Because the assignments in the supplemental brief are essentially the same as those in the initial brief, we have combined the corresponding assignments of error into four assignments of error. Each assignment attacks both the trial court's decision to grant summary judgment in favor of Lagos and the court's denial of G S's Civ.R. 60(B) motion for relief from judgment. For ease of *Page 3 
discussion, we will address those assignments of error out of order. Additionally, because the same standards of review apply to all four assignments of error, we begin here with those standards.
 {¶ 5} Summary judgment pursuant to Civ.R. 56 should be granted only if no genuine issue of fact exists, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, which is adverse to the nonmoving party. Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46. The moving party bears the initial burden of showing that no genuine issue of material fact exists for trial. Id. The burden then shifts to the non-moving party to set forth specific facts which show that there is a genuine issue of material fact for trial. Id. Throughout, the evidence must be construed in favor of the nonmoving party. Id.
 {¶ 6} An appellate court reviews summary judgments de novo. Koos v.Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588,641 N.E.2d 265. In other words, we review such judgments independently and without deference to the trial court's determination. Id.
 {¶ 7} In a case with a procedural posture very similar to the one presented here, we held that "a party seeking relief under Civ.R. 60(B) is required to establish the existence of a meritorious claim or defense. GTE Automatic Elec. v. ARC Industries (1976),47 Ohio St.2d 146, 351 N.E.2d 113, second paragraph of syllabus. * * * [W]here, as here, the judgment from which relief is sought is a summary judgment rendered without any response having been made to the motion for summary judgment, the party seeking relief must show that it could make an adequate response, demonstrating the existence of a genuine issue of material fact pursuant to Dresher v. Burt (1996), 75 Ohio St.3d 280,662 N.E.2d 264, if it had the opportunity to respond." Dysert v. State AutoMutual Ins. Co. *Page 4 
(April 23, 1999), Miami App. No. 98-CA-46. Additionally, "we conclude that demonstration of the existence of a meritorious claim or defense requires a proffer of evidentiary materials upon which the movant would rely in responding to a motion for summary judgment. . . . " Id.
 {¶ 8} The standard of review to be applied in appeals from the granting or denial of a Civ.R. 60(B) motion for relief from judgment is whether the trial court abused its discretion in reaching its decision.Associated Estates Corp. v. Fellows (1983), 11 Ohio App.3d 112,463 N.E.2d 417; Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9,371 N.E.2d 214. An abuse of discretion connotes an attitude by the court which is arbitrary, unconscionable, or unreasonable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
 III {¶ 9} In its first assignment of error, G S argues that the trial court erred in granting summary judgment in favor of Lagos because the motion was granted while the proceedings below had been stayed for the purpose of further discovery. Alternatively, G S insists that this Court should grant it relief from judgment pursuant to Civ.R. 60(B) for the same reason. However, because there is no evidence in the record that the trial court ever granted G S's request for a stay, the court did not err either in issuing a ruling on Lagos's motion for summary judgment or in denying G S's Civ.R. 60(B) motion for relief from judgment.
 {¶ 10} G S formally requested a stay of proceedings on January 27, 2003. Although G S claims that the trial court granted the stay, it points to nothing in the record to support this claim, nor can we find any evidence of the trial court granting the motion. *Page 5 
To the contrary, on July 16, 2004, the trial court entered a case scheduling order and specifically advised the parties in an accompanying order that the filing of the amended complaint and answer rendered moot any previously pending motions. The trial court further stated that the parties could re-initiate any motions pursuant to the scheduling order. G S did not renew its request for a stay of proceedings.
 {¶ 11} To the extent that G S insists that the trial court orally granted its request for a stay, we point out that when denying G S's Civ.R. 60(B) motion, the trial court stated that it had no record of granting any stay. More importantly, a trial court speaks only through its journal entries, and the court noted that G S had presented no entry confirming that a stay had been granted. Hairston v. Seidner
(2000), 88 Ohio St.3d 57,58, 2000-Ohio-271, citation omitted. The court expressly found that it had not granted summary judgment as a result of inadvertence or mistake as to the existence of a stay.
 {¶ 12} Because the record does not show that the trial court ever issued a stay, but instead found the pending motion moot following the filing of an amended complaint and answer, the trial court did not err in ruling on Lagos's motion for summary judgment, nor did the court abuse its discretion in denying G S's Civ.R. 60(B) motion for relief from judgment. Accordingly, G S's first assignment of error is without merit and is overruled.
 IV {¶ 13} In its third assignment of error, G S contends that the trial court erred in granting summary judgment for Lagos and in denying G S's Civ.R. 60(B) motion for relief from judgment because G S asserted new claims in its amended complaint that were not barred by the statute of limitations. To the contrary, we find, as did the trial court, that any *Page 6 
new claims presented by G S in its amended complaint were barred by the statute of limitations and that the trial court did not err in issuing either decision.
 {¶ 14} "Under R.C. § 2305.11(A), a cause of action for legal malpractice accrues and the one-year statute of limitations commences to run either when the client discovers or, in the exercise of reasonable diligence should have discovered, the resulting damage or injury, or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later." Omni Foods Fashion,Inc. v. Smith (1988), 38 Ohio St.3d 385, 388, 528 N.E.2d 941.
 {¶ 15} G S filed its original complaint on April 3, 2002 alleging attorney malpractice and breach of contract against Lagos, including requests for damages for emotional distress and punitive damages. All claims arose from events that occurred during the three and one-half years that Lagos served as G S's legal counsel. Fourteen months later G S sought leave of the trial court to amend its complaint, which the trial court granted, and an amended complaint was filed on March 12, 2004. While the amended complaint may have offered additional actions by Lagos in support of G S's claims, those acts occurred during the attorney-client relationship. No new causes of action were alleged to have arisen after the termination of that relationship in April, 2001. Thus, any claims for attorney malpractice needed to be filed by April, 2002. G S offered no justification for extending that one year deadline. To the contrary, it is apparent that G S ended its relationship with Lagos in April, 2001 precisely because G S was aware that Lagos had not completed various services.
 {¶ 16} Because G S did not attempt to assert additional claims until more than two years after the attorney-client relationship ended, and it offered no justification for the *Page 7 
delay, those claims are barred by the statute of limitations. Therefore, summary judgment was properly granted, and Civ.R. 60(B) relief was properly denied. G S's third assignment of error is overruled.
 V {¶ 17} In its second assignment of error G S summarily maintains that the trial court erred in granting Lagos's motion for summary judgment and in denying G S's Civ.R. 60(B) motion for relief from judgment because G S had valid claims regarding Lagos's malpractice. We disagree.
 {¶ 18} G S failed to respond to the motion for summary judgment. On appeal, rather than point to specific operative facts to support its assertion that it had valid claims, G S focuses on its frustration regarding discovery issues below. G S did not seek relief per Civ.R. 56(F) to remedy what problems, if any, it was experiencing in responding to the motion for summary judgment.
 {¶ 19} As discussed more thoroughly in response to G S's third assignment of error, any claims that G S raised in its amended complaint were barred by the statute of limitations because they arose during the course of and out of the attorney-client relationship that ended in April, 2001, and without justification for delay, were not brought until more than two years later.
 {¶ 20} This assignment demonstrates no error by the trial court in either ruling on Lagos's motion for summary judgment or in denying G S's Civ.R. 60(B) motion for relief from judgment. Dysert, supra. G S's second assignment of error fails. *Page 8 
 VI {¶ 21} Finally, G S argues that the trial court erred in granting summary judgment to Lagos and that the court abused its discretion in denying G S's Civ.R. 60(B) motion for relief from judgment because G S should have been allowed to proceed on its emotional distress and punitive damages claims. We again disagree.
 {¶ 22} In order to prove a claim of intentional infliction of emotional distress, a plaintiff must show that the defendant's extreme and outrageous conduct intentionally and recklessly caused serious emotional distress. Yeager v. Local Union 20, Teamsters, Chauffeurs,Warehousemen Helpers of America (1983), 6 Ohio St.3d 369,453 N.E.2d 666. Moreover, punitive damages are intended to punish and deter conduct resulting from a mental state so callous in its disregard for the rights and safety of others that society deems it intolerable. Calmes v.Goodyear Tire Rubber Co. (1991), 61 Ohio St.3d 470, 473,575 N.E.2d 416.
 {¶ 23} In its motion for summary judgment, Lagos attacked not only G S's malpractice and breach of contract claims, but Lagos also specifically addressed G S's emotional distress and punitive damages claims. Because G S failed to respond to the motion for summary judgment, it failed to address the factual basis of its any of its claims, including those for emotional distress and punitive damages. Moreover, on appeal G S still does not address any of the underlying facts of Lagos's specific behavior that formed the basis of those claims. Instead, G S again focuses on the discovery difficulties that it claims to have experienced while this case was pending in the court below. Thus, G S failed to meet its burden of showing a genuine issue of material fact for trial, and summary judgment was appropriate. Similarly, the trial court did not abuse its discretion in denying *Page 9 
G S's motion for relief from judgment. Dysert, supra.
 {¶ 24} G S's fourth assignment of error is without merit and is overruled.
 VII {¶ 25} After independently reviewing all of the evidence and construing it, as we must, in a light most favorable to G S, we find that because there are no genuine issues of material fact, summary judgment was appropriate. Additionally, since G S proffered no evidentiary materials along with its motion for relief from judgment in order to demonstrate the existence of a meritorious claim, the trial court did not abuse its discretion in denying G S's Civ.R. 60(B) motion for relief from judgment. Having overruled all four of G S Manufacturing's assignments of error, the judgment of the trial court is affirmed.
 GRADY, J. and DONOVAN, J., concur. *Page 1