JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App. R. 11.1 and Loc. App. R. 11.1.
 {¶ 2} Defendants, the Black Contractor's Group ("BCG") and Norman Edwards, appeal from the judgment of the trial court that denied their motion to vacate a preliminary injunction obtained by plaintiff Ozanne Construction Co. and Dominic Ozanne (hereafter collectively referred to as "Ozanne"). For the reasons set forth below, we affirm.
 {¶ 3} On January 10, 2007, Ozanne filed a verified complaint and motion for a temporary restraining order, preliminary injunction and permanent injunctive relief against BCG, Edwards, and their agents or others acting in concert with them. Within these pleadings, Ozanne averred, in relevant part, that it is certified by the City of Cleveland as a minority business enterprise, that Edwards, President of BCG, accused Ozanne of "Black on Black" racism, threatened Dominic Ozanne, trespassed onto the Ozanne work trailer, interfered with Ozanne's business operations, and planned a protest at the site of one of Ozanne's construction sites. Ozanne sought to bar BCG, Edwards, and others from, inter alia, demonstrating, loitering, congregating, or protesting near plaintiffs' residences, business properties, and work sites; communicating to them, their agents, their family members; and interfering with and possessing weapons near plaintiffs' business operations. Also on January 10, 2007, the trial court granted Ozanne's motion for the appointment of *Page 4 
Tenable Special Services as process servers[1] and held a hearing on Ozanne's motion for a temporary restraining order.
 {¶ 4} The court subsequently determined that a temporary restraining order should be issued. The court ordered enjoined defendants, their officers, agents, members, employees, representatives, relatives, family members or any person acting in concert or participation with them from the following:
 {¶ 5} "a. Congregating, loitering, gathering, protesting, or demonstrating within 40 yards of any property of plaintiffs, to include any and all personal and business properties * * *.
 {¶ 6} "d. Interfering with, or attempting to interfere with plaintiffs, their officers, agents, members, employees, representatives, relatives, family members or any person affiliated with them from performing their work and duties by any manner, including by force, violence, threats, intimidation, menacing, or coercion;
 {¶ 7} "* * *;
 {¶ 8} "f. utilizing any amplified audio system or device, in any manner against plaintiffs, their officers, agents, members, employees, representatives, relatives, family members or any person affiliated with them; *Page 5 
 {¶ 9} "g. communicating with plaintiffs, their officers, agents, members, employees, representatives, relatives, family members or any person affiliated with them, except as may be required by law, in any manner * * *;
 {¶ 10} "h. for any reason following plaintiffs, their officers, agents, members, employees, representatives, relatives, family members or any person affiliated with them, to and from jobsite or business locations [or] places of residence and employment;
 {¶ 11} "* * *
 {¶ 12} "j. Possessing weapons of any kind within 100 yards of plaintiffs * * *."
 {¶ 13} On January 17, 2007, the trial court issued a journal entry setting the matter for hearing on Ozanne's motion for preliminary injunction on January 24, 2007. Ozanne's special process server executed a return of summons on January 18, 2007, and averred that he personally served defendant Edwards with process and advised him of the January 24, 2007, hearing date.
 {¶ 14} At the January 24, 2007, hearing the trial court determined that "the defendants were served according to law and failed to appear." The court then granted the preliminary injunction and issued an order that barred defendants from engaging in the conduct outlined in the temporary restraining order. The trial court also advised the parties that a hearing would be held on the request for a permanent injunction on March 28, 2007. On this date, the trial court again noted that defendants were duly served but failed to appear, and it granted Ozanne a permanent injunction. *Page 6 
 {¶ 15} On March 4, 2008, defendants filed a motion to vacate the injunction pursuant to Civ. R. 60(B)(5). Defendants argued that they did not receive notice of the January 24, 2007 hearing date until January 18, 2007. Defendant Edwards averred that he appeared at court on January 18, 2007 and was informed that "nothing was scheduled" in the case. He further averred that he was not informed of the January 24, 2007 or March 28, 2007 hearing dates and only learned of the injunction "within the last two months when [he] received correspondence from the Plaintiff's attorney." He maintained that he has not used the Superior Avenue address to which correspondence was sent since November 2006. Finally, he maintained that the injunction violates his rights under the First Amendment.
 {¶ 16} In opposition, Ozanne indicated that the injunction was a valid restriction on time, place and manner of speech, that the return of service indicates that defendants were personally served and advised of the January 24, 2007 hearing date, that additional notice was sent to the Superior Avenue address and that defendants continued to use this address in January 2007, that defendants were also informed of the injunction when they protested one of Ozanne's work sites in December 2007. Finally, Ozanne noted that defendants must have received some notice since they arrived in the proper courtroom on January 18, 2007, and defendants claims that the trial court did not notify them of the January 24, 2007 hearing at this time is not credible. The trial court denied the motion to vacate the injunction and defendants now appeal and assign the following error for our review: *Page 7 
 {¶ 17} "The trial court abused its discretion in denying defendants' motion to vacate the preliminary and permanent injunction where plaintiff failed to provide adequate notice pursuant to O.R.C.P. 65(B)."
 {¶ 18} To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate the following:
 {¶ 19} "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60 (B) (1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 20} GTE Automatic Elec, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus.
 {¶ 21} These three elements of a motion for relief from judgment must all be established by the movant — the trial court must deny the motion if a party fails to prove any of these three elements. State ex rel.Richard v. Seidner, 76 Ohio St.3d 149, 1996-Ohio-54, 666 N.E.2d 1134.
 {¶ 22} The standard of review to be applied in appeals from the award or denial of Civ. R. 60(B) motions is an abuse of discretion standard.Associated Estates Corp. v. Fellows (1983), 11 Ohio App.3d 112,463 N.E.2d 417; Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9,371 N.E.2d 214. An abuse of discretion connotes an attitude by the court which is arbitrary, unconscionable, or unreasonable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. *Page 8 
 {¶ 23} Civ. R. 60(B) sets forth various grounds for relief and subpart (B)(5) includes the "catch-all" "any other reason justifying relief from the judgment."
 {¶ 24} Defendants' motion was brought under Civ. R. 60(B)(5) and essentially alleged "excusable neglect" due to a claimed failure to receive notice of the January 24, 2007 hearing date.
 {¶ 25} It is well-settled that the inaction of a defendant is not "excusable neglect" if it can be labeled as a disregard for the judicial system. GTE Automatic Elec. v. ARC Industries, Inc., supra at 153;Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 21,520 N.E.2d 564, 567.
 {¶ 26} In this matter, we are unable to conclude that the trial court abused its discretion in denying defendants' motion to vacate the injunction. Defendants claim that they stopped using the Superior Avenue address in December 2006 lacks credibility in light of the evidence that they used this address in January, 2007, within days of the filing of the instant action. In addition, having learned of the action, and the trial judge assigned to the matter, defendants made no effort to determine future hearing dates and made no effort to inform the court of any change of address. The undisputed evidence of record further indicates that defendants were also orally informed of the injunction in December 2007. From the foregoing, the trial court could properly determine that defendants manifested a disregard for the judicial system and therefore failed to establish good grounds for relief from judgment. Moreover, as to the First Amendment challenge, we note that inMadsen v. Women's Health Center, Inc. (1994), 512 U.S. 753,129 L.Ed.2d 593, 114 S.Ct. 2516, *Page 9 
comparable restrictions were upheld. Similarly, in Hill v. Colorado
(2000), 530 U.S. 703, 120 S.Ct. 2480, 147 L.Ed.2d 597, the Court recognized that "time, place, and manner" restrictions on picketing serve a significant governmental interests where they are implemented to prevent harassment, following, implied threats, and similar concerns.
 {¶ 27} For the foregoing reasons, the assignment of error is overruled and the judgment of the trial court is affirmed.
It is ordered that appellees recover from appellants its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, P.J., CONCURS IN JUDGMENT ONLY; MARY J. BOYLE, J., CONCURS IN JUDGMENT ONLY
[1] Ozanne's attorneys were also appointed special process servers for the purpose of serving the trial court's order as well as the pleadings and any subpoenas issued in this matter. *Page 1